IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

R.T.B., a minor, by and through his parents and next
friends Richard D. Breault and Maya M. Breault,
RICHARD D. BREAULT, individually, and
MAYA M. BREAULT, individually,

                     Plaintiffs,

    v.

UNITED STATES OF AMERICA,

                     Defendant.

OPINION and ORDER

19-cv-276-jdp

---

Plaintiffs Richard Dylan Breault (who goes by Dylan) and Maya Breault went to a military hospital in California, Naval Hospital Camp Pendleton (NHCP), for the birth of their child, R.T.B. Plaintiffs say that the doctors at NHCP were negligent in R.T.B.'s delivery and in resuscitating R.T.B. after the birth. They allege that R.T.B. suffers from cerebral palsy and will never live independently, and they assert claims under the Federal Tort Claims Act and California state law.

The Breaults moved to Somerset, Wisconsin, after R.T.B.'s birth. They filed their case here in the Western District of Wisconsin, where they now live. Venue here is proper under 28 U.S.C. § 1402(b), because plaintiffs reside in this district. But venue would also be proper in the Southern District of California, where the relevant events occurred. The government has moved to transfer the case to the Southern District of California, asserting that both convenience to parties and witnesses and the interests of justice favor litigating the case in California. The court agrees.

ANALYSIS

The federal venue statute provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Section 1404(a) calls for a case-by-case consideration of convenience and fairness, committed to the discretion of the district court. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). If the balance of convenience is close, merely shifting inconvenience from one party to another does not justify transfer. *Id.* at 978–79. The burden is on the government, as the party seeking transfer, to show that transfer is warranted. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

Following the statutory language, the court will begin with the convenience to parties and witnesses, and then turn to the interests of justice.

**A. Convenience of parties and witnesses**

In assessing the relative convenience of one venue over another, courts typically consider the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events, and the relative ease of access to sources of proof. *Research Automation*, 626 F.3d at 978. Although plaintiffs' choice to file in their home forum is generally entitled to deference, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981), that deference is reduced when the events at issue in the case did not occur in that forum. *See Williams v. Humphrey*, No. 09-cv-202-bbc, 2009 WL 2424329, at *2 (W.D. Wis. Aug. 5, 2009) (quoting *Chi., R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955)). Here, although the convenience of the named parties weighs slightly against transferring the case to California, the convenience of the witnesses weighs substantially in favor of transfer.

1. **The parties**

Plaintiffs contend that transfer would be inconvenient for them because traveling to and from California could harm R.T.B.'s health. They also say that they have limited financial means and could not afford to bring the equipment or support they would need to care for R.T.B in California, nor could they afford to hire someone to care for R.T.B. at home while Dylan and Maya litigate in California.

Courts have considered plaintiffs' special medical difficulties in deciding motions for transfer. *See, e.g., Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980); *see also Mummert v. United States*, No. 1:18-cv-00856-SHR, 2019 WL 144925, at *7 (M.D. Pa. Jan. 9, 2019) (". . . a paraplegic needing constant care because of his inability to attend to his own needs, would presumably have less physical impediments and expend fewer resources litigating his claim closer to home."). But defendants are right that given R.T.B.'s medical vulnerability, and particularly his very young age, it is unlikely that he would appear at trial, regardless of where it is held.

The court is sympathetic to the challenges that Dylan and Maya face in attending legal proceedings while ensuring the health and well-being of their son. As defendants point out, traveling with R.T.B. will be challenging for plaintiffs in either forum. But it's clear that litigating the case in Wisconsin would be more convenient for plaintiffs given R.T.B.'s condition and plaintiffs' relative lack of resources.

The government, by contrast, can appear in either forum without substantial hardship. And because most of the documentary evidence in the case will consist of medical records available electronically, the physical location of documentary evidence won't pose a major hurdle. On balance, considerations of party convenience weigh against transfer because

3

plaintiffs have greater access to resources in this forum, while the government has equal access to resources in either forum.

2. **The witnesses**

But the convenience of witnesses weighs heavily in favor of transfer. Most witnesses, including NHCP doctors, medical staff, and other relevant third parties, reside in the Southern District of California. In their complaint, plaintiffs identify six doctors who they allege acted negligently. Three of those doctors have since moved elsewhere, but the other three remain in California. Plaintiffs' complaint also identifies the Rady Children's Hospital Emergency Transport team, which assisted with R.T.B.'s resuscitation. That team is likewise based in the Southern District of California. These individuals will likely be important fact witnesses at trial.

Plaintiffs contend that the government has failed to carry its burden of specifying which particular NHCP healthcare providers and medical staff will be called and establishing the materiality of their testimony. But in a negligence case like this, the existence of such witnesses and the materiality of their testimony is not at all speculative. This case concerns a medical event that occurred in California, which involved and was witnessed by numerous medical professionals in California.

Plaintiffs contend that this court would be more convenient for R.T.B.'s current treating providers and special education teachers, who they say "have important information about both damages and potentially causation." Dkt. 9, at 8. They identify more than 20 individuals based in Wisconsin and Minnesota with knowledge of the extent of R.T.B's injuries. Dkt. 12, ¶ 9. The court is not persuaded that R.T.B's current treating providers and teachers would be likely to testify about the cause of R.T.B.'s injuries; that would be the province of expert

4

witnesses. It's also unlikely that plaintiffs will need to, or be allowed to, call 20-plus damages witnesses at trial.

The more difficult and significant issue at trial will be liability, and the witnesses relevant to liability are concentrated in California. Damages evidence will not be needed at all if liability is not established. *Cf. In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013) (upholding transfer to Kansas despite most damages witnesses living in Illinois, because if trial in Kansas were bifurcated "and the plaintiff lost the liability trial, his witnesses, whose testimony would relate to the extent and persistence of his injuries rather than to the quality of the medical treatment that he received in Kansas, would not testify anywhere"). The court is not persuaded that plaintiffs' potential damages witnesses shift the balance of convenience in favor of litigating this case in Wisconsin.

Another consideration relevant to the § 1404 analysis is the limit on the subpoena power of each forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947) ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants."). Plaintiffs have identified witnesses in Wisconsin (specifically Hudson, New Richmond, and Somerset) and Minnesota (Minneapolis and Saint Paul). Dkt. 12, ¶ 9. Neither this court nor the Southern District of California could compel these witnesses to attend trial because they do not reside within 100 miles of either forum. *See* Fed. R. Civ. P. 45(c)(1)(A). But the Southern District of California would have subpoena power over many of the fact witnesses, including three of the doctors alleged to have provided negligent medical care, NHCP medical staff, and members of the Rady transport team. This court could not compel these witnesses to attend a trial in this district.

In sum, the convenience of the witnesses weighs in favor of transferring the case to the Southern District of California. Most of the individuals who witnessed or were involved in the care provided to R.T.B. and Maya are located there, and the presence of potential damages witnesses in Minnesota and northwest Wisconsin does not outweigh this consideration.

**B. Interests of justice factors**

In the transfer analysis, the interests of justice concern "the efficient administration of the court system." *Research Automation, Inc.*, 626 F.3d at 978. Courts typically consider docket congestion and speed to trial in each forum, each court's familiarity with the relevant law, the desirability of resolving the controversy in each locale, and the relationship of each community to the controversy. *Id.*

Here, docket congestion and speed to trial do not tip significantly either way. On average, the Southern District of California reaches civil disposition more than a month faster than this court does, although this court tends to get civil cases to trial faster. The Southern District of California also has approximately 250 less cases pending per judgeship despite having slightly more cases filed per judgeship than this court.

The Southern District of California's familiarity with California law weighs in favor of transfer. The parties agree that California law governs here, and the Southern District of California regularly applies California law. Plaintiffs contend that California and Wisconsin medical malpractice law is similar, and that federal judges routinely apply the law of foreign states. That the case will be decided under California law would not be decisive on its own, but it's one more factor that favors the Southern District of California.

Communities in both Wisconsin and California have connections to this case. Wisconsin's connection derives from plaintiffs' subsequent decision to relocate to Somerset,

where they have developed a substantial support system. Both Wisconsin and California have an interest in providing relief to victims of medical malpractice, but California has the stronger interest in the possibility that physicians at Naval Hospital Camp Pendleton provide substandard medical care. This factor, too, tips toward California.

ORDER

IT IS ORDERED that defendant's motion to transfer this case, Dkt. 6, is GRANTED. This case is transferred to the United States District Court for the Southern District of California under 28 U.S.C. § 1404(a).

Entered December 3, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge