UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.T.B., a minor by and through his parents and next friends, RICHARD D. BREAULT and MAYA M. BREAULT; RICHARD D. BREAULT, individually, and MAYA M. BREAULT, individually,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　Defendant. | Case No.: 19cv2305-W(KSC)<br><br>**ORDER GRANTING JOINT MOTION TO AMEND THE SCHEDULING ORDER [Doc. No. 40];**<br><br>**AMENDED SCHEDULING ORDER** |

　　　Before the Court is the parties' Joint Motion seeking an extension of the deadlines in the Scheduling Order so that the depositions of several witnesses can be completed. [Doc. No. 40.]  Also before the Court is the parties' Joint Status Report, explaining that the COVID-19 public health emergency prevented them from completing all necessary depositions prior to the current deadline for completing fact discovery.  In addition, the Joint Status Report sets forth a plan for completing the remaining depositions prior to the amended fact discovery deadline requested by the parties.  [Doc. No. 42.]

/ / /

/ /

Good causes appearing, **IT IS HEREBY ORDERED that**:

1. All fact discovery shall be completed by all parties by **February 19, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by **March 5, 2021**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **March 19, 2021**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **April 16, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to**

**make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **April 30, 2021**.

5. All expert discovery shall be completed by all parties by **June 4, 2021**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. A Mandatory Settlement Conference shall be conducted on **June 16, 2021** at **9:30 a.m.** in the chambers of Magistrate Judge Karen S. Crawford.  Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **June 9, 2021**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. All other pretrial motions must be filed by **July 6, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions *in limine* are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule

7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).  Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

10. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b).  The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

11. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) **October 18, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 25, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **November 1, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.
/ / /

14. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **November 8, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by 2:30 p.m. on **November 8, 2021**. The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions *in limine* that may be filed, precisely when the parties would be prepared to submit their *in limine* papers (and whether the parties have met and conferred with respect to *in limine* issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and *voir dire* issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **November 15, 2021** at **10:30 a.m.**

17. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

/ / /

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

21. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: October 21, 2020

Hon. Karen S. Crawford
United States Magistrate Judge