## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

R.T.B., A Minor, By And Through His
Parents And Next Friends, RICHARD
D. BREAULT and MAYA M. BREAULT;
RICHARD D. BREAULT, Individually;
and MAYA M. BREAULT,
Individually,

      Plaintiffs

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No.: 19-CV-2305-W-KSC

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant, the parties' attorneys, the settlement broker, and the brokerage company, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.      This Stipulation is not, is in no way intended to be, and should not be construed

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **1** of **22**
Exhibit 4

as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.     In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a, to purchase the annuity contract(s) described below in Paragraph 3.b., and to establish the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of R.T.B. (hereinafter "Reversionary Trust") described below in Paragraph 3.c.

a.     Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Reversionary Trust signed by all parties to said document; (3) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (4) a copy of the birth certificate and social security card or alternative form of identification acceptable to the United States of RTB; (5) Order(s) approving the settlement, and authorizing an individual or entity to sign, on behalf of RTB, any minor sibling of RTB, and any legally incompetent adult; and (6) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit the following requests to the United States Treasury for the sum of Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) (hereinafter "Settlement Amount") to be paid as follows:

(1)     An electronic funds transfer (EFT) in the amount of One Million Four Hundred Thousand Dollars and Zero Cents ($1,400,000.00) (hereinafter "Upfront Cash") made

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **2** of **22**
Exhibit 4

payable to BROWN LAW LLC IOLTA Trust Account on behalf of RTB, MAYA BREAULT, AND RICHARD DYLAN BREAULT.

With respect to the payment of the Upfront Cash, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that the Plaintiffs, the Plaintiffs' attorney(s), any Guardian Ad Litem, and the Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.(1) precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Upfront Cash, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

Plaintiffs' attorney agrees to facilitate the disbursement of the Upfront Cash in accordance with the terms and conditions of this Stipulation. Plaintiffs stipulate and agree that the attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **3** of **22**
Exhibit 4

resolved.

(2)    For the purchase of the annuity contract(s) described below in Paragraph 3.b., an electronic funds transfer (EFT) in the amount of One Million Two Hundred Thousand Dollars and Zero Cents ($1,200,000.00) (hereinafter "Annuity Premium Amount") to JMW Settlements.

(3)    For deposit in the Reversionary Trust described below in Paragraph 3.c, an electronic funds transfer (EFT) in the amount of Nine Hundred Thousand Dollars and Zero Cents ($900,000.00) (hereinafter "Reversionary Trust Deposit") to the Trustee identified in Article IV of the Reversionary Trust.

(4)    The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.   28 U.S.C. § 2678.   The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

b.    Based on the following terms and conditions, the United States will purchase the following annuity contract(s):

(1)    The United States will purchase annuity contract(s), from an annuity

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **4** of **22**
Exhibit 4

company(ies) rated at least A by A.M. Best rating service, to pay to the Reversionary Trust the sum of Four Thousand Seven Hundred Dollars and Zero Cents ($4,700.00) per month, beginning ten (10) years from date of purchase and continuing for the installment refund period ("Period Certain") and the life of RTB. In the event the cost of the annuity contract(s) has either increased or decreased by the date of purchase, the annuity payments described above shall be adjusted upward or downward to ensure that the total cost of the annuity contract(s) is equal to the Annuity Premium Amount and not more or less than that amount. The monthly annuity payments are based upon the date of birth for RTB of April 16, 2016, that was provided by Plaintiffs. If the date of birth is otherwise, the annuity payments described above will be adjusted accordingly. Upon the death of RTB, any payments remaining during the Period Certain shall be made payable to the United States Treasury, and mailed to the following address: Director, Torts Branch (FTCA Litigation Section), Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, and subsequent change of address.

(2)     The annuity contracts being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through JMW Settlements as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to any annuity contract purchased pursuant to this Stipulation and any annuity payments therefrom is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

(3)     The parties stipulate and agree that the annuity company that issues

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **5** of **22**
Exhibit 4

an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

(4)     The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

(5)     Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for RTB and to notify the annuity company and the United States of the death of RTB within ten (10) days of death.   Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby further agree to provide to the annuity company and the United States a certified death certificate within sixty (60) days of the death of RTB.

(6)     Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to provide to the annuity company and the United States proof of status as to life, death, legal capacity, and legal authority in the form and at the frequency determined by the annuity company, the United States, or both.

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **6** of **22**
Exhibit 4

Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree the annuity company may delay or otherwise withhold any payment, without interest, until the annuity company has received such proof or proofs of status. With respect to proof of status of life, Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to provide such proof annually on or before the anniversary of the date the annuity contract is issued by the annuity company ("Anniversary Date"). In the event the annual proof of living status is not provided to the annuity company and the United States within sixty (60) days of the Anniversary Date, Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree that the annuity company shall take the following action:

(a)     During the Period Certain, the annuity company shall continue to make payments to the Reversionary Trust;

(b)     After the Period Certain has expired, the annuity company shall suspend all payments until such time as proof of living status is provided to the annuity company and the United States.

c.     The United States will establish, as the Grantor, the Reversionary Trust on the following terms and conditions:

(1)     The parties agree to the terms, conditions, and requirements of the Reversionary Trust, a copy of which is attached hereto and incorporated by reference.

(2)     The parties further agree that the Reversionary Trust requires RTB (hereinafter "Trust Beneficiary") and anyone acting on his behalf to comply with the obligations set forth in Article VIII and that the failure to comply with those obligations may result in the denial, in whole or in part, of requests for the payment of allowable benefits, as defined in

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **7** of **22**
Exhibit 4

Article IX of the Reversionary Trust.

(3)     Plaintiffs' and Plaintiffs' heirs, executors, administrators, and assigns shall maintain with the Administrator, the Trustee, and the United States a current mailing address, and shall notify the Administrator, the Trustee, and the United States of any event upon which the right of payments from the Trust Estate may depend, including the death of the Trust Beneficiary, within ten (10) days of the date of such event, and shall provide the Administrator, the Trustee, and the United States with a certified death certificate within sixty (60) days of the death of the Trust Beneficiary.

(4)     Upon the death of the Trust Beneficiary, the Trustee shall, to the extent authorized by the terms of said Reversionary Trust, pay allowable charges, expenses, and benefits, and liquidate and distribute the remaining Trust Estate to the United States by check made payable to the United States Treasury and mailed to the following address:   Director, Torts Branch (FTCA Litigation Section), Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, and subsequent change of address.

4.     Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby accept the terms and conditions of this Stipulation, including the sums set forth above in Paragraph 3.a, the purchase of the annuity contract set forth above in Paragraph 3.b, and the establishment and terms of the Reversionary Trust set forth above in Paragraph 3.c., in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **8** of **22**
Exhibit 4

injuries, including the death of RTB, or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

The Plaintiffs and Plaintiff's guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021

Page **9** of **22**

Exhibit 4

entity, including an insurance company, Medicaid (including the State of Wisconsin), and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

5.     This compromise settlement is specifically subject to each of the following conditions:

a.     The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation and the Reversionary Trust.

b.     The parties must agree in writing to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation or the Reversionary Trust. The terms, conditions, and requirements of this Stipulation and Reversionary Trust are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **10** of **22**
Exhibit 4

renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

       c.     RTB must be alive at the time the Reversionary Trust described in Paragraph 3.c. is deemed established, as defined in Article V of the Reversionary Trust, and at the time the annuity contract described in Paragraph 3.b. is purchased. In the event of the death of RTB prior to the establishment of the Reversionary Trust or the annuity contract purchase, the entire Stipulation and compromise settlement are null and void.

       d.     Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of RTB.   The Order approving the settlement on behalf of RTB may be obtained from either the United States District Court for the Southern District of California or a state court of competent jurisdiction. The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approvals, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

       e.     Plaintiffs must provide the United States with a complete set of the extant medical records of RTB, (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021

Page **11** of **22**

Exhibit 4

and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date Plaintiffs sign this Stipulation. Plaintiffs must provide all such extant medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. In the event said records and reports reveal that RTB, had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

    f.  Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

    g.  Plaintiffs must obtain an order from the United States District Court for the Southern District of California dismissing this action in its entirety with prejudice, with each

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021

Page **12** of **22**

Exhibit 4

side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

6.      The parties agree that this Stipulation and the Reversionary Trust, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7.      Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements.   Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds.   Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law.   Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8.      Plaintiffs represent that they have read, reviewed and understand this Stipulation and the Reversionary Trust, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation and the Reversionary Trust freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
                        Page **13** of **22**
                        Exhibit 4

this Stipulation and the Reversionary Trust with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation and the Reversionary Trust.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021

Page **14** of **22**

Exhibit 4

Executed this＿＿＿＿＿day of＿＿＿＿＿＿＿＿＿＿＿, 2021.

UNITED STATES OF AMERICA

By:  ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
       Steve B. Chu
       Assistant United States Attorney
       Attorney for Defendant,
       United States of America

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021

Page **15** of **22**

Exhibit 4

Executed this _____ day of _____, 2021.

BROWN LAW FIRM LLC
ATTORNEYS FOR PLAINTIFFS


By: _____
      ANNE E. BROWN, ESQ.
      Attorneys for Plaintiffs


Executed this _____ day of _____ , 2021.

MULLIGAN, BANHAM & FINDLEY
ATTORNEYS FOR PLAINTIFFS


By: _____
      BRIAN K. FINDLEY, ESQ.
      Attorneys for Plaintiffs

R.T.B. v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **16** of **22**

Exhibit 4

Executed this_____day of_____, 2021.

MAYA BREAULT, Individually


_____
MAYA BREAULT

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **17** of **22**

Exhibit 4

Executed this_____day of _____, 2021

By:     _____
        MAYA BREAULT, Parent and Next Friend of RTB

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
                    Page **18** of **22**

                    Exhibit 4

Executed this _____ day of _____, 2021.


RICHARD DYLAN BREAULT, Individually


_____
RICHARD DYLAN BREAULT


R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
                    Page **19** of **22**

Exhibit 4

Executed this_____day of _____, 2021



By: _____

RICHARD D. BREAULT, Parent and Next Friend of RTB

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021

Page **20** of **22**

Exhibit 4

Executed this_____day of _____, 2021.

STRUCTURED SETTLEMENT BROKERAGE COMPANY
JMW Settlements LLC (HEREINAFTER "COMPANY")

I, the undersigned, am duly authorized to sign this Stipulation on behalf of the Company and have furnished written proof thereof to the United States.   I also declare under penalty of perjury that the Company and its employees, agents, and structured settlement annuity brokers are covered by an Errors and Omission insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies.   By signing this Stipulation, I agree that the Company will accept the Annuity Premium Amount.   I further agree that, within five business days of receipt of the Annuity Premium Amount, the Company will (1) disburse the Annuity Premium Amount to an annuity company(ies), rated at least A by A.M. Best rating service, for the purchase the annuity contract(s) described above in Paragraph 3.b of this Stipulation, and (2) provide to the parties written proof that the Annuity Premium Amount has been accepted by said annuity company(ies).

I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.


By:	_____
	James P. Klapps
	General Counsel
	On behalf of the Company

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **21** of **22**
Exhibit 4

Executed this _____ day of _____, 2021.

STRUCTURED SETTLEMENT ANNUITY BROKER
JMW Settlements LLC (HEREINAFTER "BROKER")

I, the undersigned Broker, declare that I currently meet the minimum qualifications set forth in 28 CFR § 50.24 to provide structured settlement annuity brokerage services to the United States and that I am currently covered by an Errors and Omissions insurance policy and a fidelity bond or equivalent insurance coverage, and have furnished to the United States a certificate or proof of insurance for such policies.   By signing this Stipulation, I agree that the application for any annuity contract and the annuity contract issued by the annuity company will comply with the terms and conditions of Paragraph 3.b of this Stipulation.

I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.


_____
James P. Klapps
JMW Settlements LLC
Structured Settlement Annuity Broker

R.T.B.v. United States, Case No. 19-cv-2305 W (KSC) (S.D. Cal.)
Stipulation for Compromise Settlement and Release
October 22, 2021
Page **22** of **22**
Exhibit 4