## IRREVOCABLE REVERSIONARY INTER VIVOS GRANTOR
## MEDICAL CARE TRUST FOR THE BENEFIT OF R.T.B.

### ARTICLE I
### ESTABLISHMENT OF THE TRUST

Pursuant to a *Stipulation For Compromise Settlement And Release* (hereinafter "Stipulation") of a Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) matter, the United States of America (as the "Grantor") and the Beneficiary of the Trust ("Beneficiary") agreed to the establishment, and the terms and conditions, of this Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust ("the Trust"). The Stipulation is attached hereto and incorporated herein by reference.

### ARTICLE II
### THE BENEFICIARY OF THE TRUST

The Beneficiary of the Trust is R.T.B. For purposes of the Trust, the Beneficiary shall act through the Beneficiary's legal representative during any period of minority or legal incapacity. A legal representative is defined for purposes of the Trust as an individual or entity authorized by law or a Court order to act on behalf of the Beneficiary during a period of minority or legal incapacity for purposes of carrying out the terms and conditions of the Trust. For purposes of this Trust, a legal representative shall include the Beneficiary's attorney, parent, legal guardian, guardian, guardian ad litem, and conservator, but shall not include an individual or entity acting pursuant to a power of attorney, provided such attorney, parent, legal guardian, guardian, guardian ad litem, or conservator has the legal authority to act on behalf of the Beneficiary for purposes of carrying out the terms and conditions of the Trust. In the event more than one individual or entity has such authority, the Administrator and the Trustee are entitled to rely upon the signatures, statements, or actions of any one of the legal representatives in carrying out the terms of the Trust in the absence of a Court order to the contrary, provided that such Court order has first been presented to the Administrator, Trustee, and Grantor. Upon reaching the age of majority, as determined by the law of the state in which the Beneficiary resides, the Beneficiary shall comply with that state's guardianship and conservatorship laws.

The Grantor retains a reversionary interest in the Trust Estate, effective upon the termination of the Trust, as provided in Article XIX of the Trust.

EXHIBIT 6

## ARTICLE III
## THE PURPOSE OF THE TRUST

The purpose of the Trust is to pay allowable benefits, as defined in Article IX of the Trust, to or on behalf of the Beneficiary according to the terms and conditions of the Trust. Nothing in the Trust shall be construed to require the Beneficiary to use any particular medical provider or group of medical providers, unless expressly provided to the contrary in Article IX of the Trust.

## ARTICLE IV
## APPOINTMENT OF TRUSTEE AND ADMINISTRATOR

The Grantor appoints Midland Trust Company, as the Trustee of the Trust and appoints Medical Fund Advisors, Inc. as the Administrator of the Trust. The Trustee and the Administrator agree to accept their respective appointments and to carry out their respective fiduciary duties and responsibilities as defined by the terms of the Trust. In the event the same entity is appointed to act as both the Trustee and the Administrator, that entity shall carry out the duties and responsibilities of both the Trustee and the Administrator.

## ARTICLE V
## THE TRUST ESTATE

For purposes of the Trust, the term "Trust Estate" is defined to be the amount the Grantor initially deposits with the Trustee pursuant to the Stipulation, together with any income from Trust Estate investments and any annuity payments, in the event the United States purchased an annuity contract to make periodic payments to the Trust.

The Trust and the Trust Estate shall be a secondary payer of allowable benefits based on the terms and conditions set forth herein.

No rights, obligations, duties, or allowable benefits are created or payable pursuant to the Trust unless and until all of the following conditions have been met: (1) each party to the Trust has signed the Trust instrument; (2) the Grantor has deposited with the Trustee the initial sum stated or determined by the terms of the Stipulation; (3) the Trustee has deposited said sum into a separate account opened by the Trustee in the name of the Trust; and (4) the Beneficiary is alive at the time said sum is deposited into said separate account. The Trust shall be deemed established when each and every one of these conditions has been met.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

# ARTICLE VI
## THE DUTIES OF THE ADMINISTRATOR

**Section A.      Duty to Act as the Administrator**

The Administrator shall act as the Administrator and perform its fiduciary duties and responsibilities as defined by the terms of the Trust. The term "Administrator" includes the present Administrator and any successor of said Administrator, whether by appointment pursuant to the Trust, or by way of merger, consolidation, or transfer of business.

**Section B.      Duty to Review Requests for Payment of Allowable Benefits**

### 1.      Administrator Has Exclusive Duty

The Administrator shall have the exclusive duty and responsibility to receive and review requests for payment of allowable benefits, as defined in Article IX of the Trust.

### 2.      Submission of Requests for Payment of Allowable Benefits

All requests for payment of allowable benefits must be submitted to the Administrator. Requests must be submitted and received by the Administrator within ninety days of the date the goods or services for which payment is being requested were provided. Absent good cause being demonstrated by the Beneficiary, the Administrator shall reject and not authorize any request for payment of allowable benefits that is received by the Administrator more than ninety days after the goods or services for which payment is being requested were provided. In the event a request for payment of allowable benefits is submitted to the Trustee (and the Trustee is not also acting as the Administrator), the Trustee shall promptly transfer the request to the Administrator and shall take no further action with respect to the request for payment of allowable benefits unless and until the Trustee has received notification from the Administrator pursuant to Section E, below, to pay an amount from the Trust Estate to a particular payee.

### 3.      Documentation That Must be Submitted With Each Request

a. Each request for payment of allowable benefits must be in writing on a form provided by the Administrator. The Beneficiary may submit a request for payment of allowable benefits, or the Beneficiary may authorize the provider of the goods or services to submit a request for payment of allowable benefits directly to the Administrator. The Beneficiary may arrange with the Administrator for the advance authorization of regularly recurring expenses. Except for requests for payment where advance authorization has already been obtained, each request for payment of allowable benefits must be signed by the Beneficiary if legally competent, by the

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

Beneficiary's legal representative during a period of minority, or by an individual or entity authorized by a Court to act on behalf of the Beneficiary in the event said Court has determined after the Beneficiary has reached the age of majority that the Beneficiary lacks the legal capacity to act on his or her own behalf.

b. Each request for payment of allowable benefits must include a written statement from the provider of the goods or services for which payment is being sought, detailing the nature of the goods or services and detailing the charges for such goods or services. The written statement, together with supporting documentation (such as medical records or product information) and billing information, must provide sufficiently detailed information for the Administrator to determine whether such goods or services are payable by the Trust and to determine the amount to be paid from the Trust Estate. The written statement must specifically indicate whether the charges for the goods or services have been or will be submitted to any source of benefits other than the Trust, whether any portion of the charges has been or will be paid by any other source of benefits, the amount of any payment received, the balance due, and the identity (including name, address, and telephone number) of the other source of payments.

c. Unless already on file with the Administrator, each request for payment of allowable benefits shall include a written agreement by the Beneficiary to provide the Administrator (and the Trustee, if necessary) with: information; documentation; valid authorizations, including authorizations for the Administrator to submit any request for payment of allowable benefits to another source of benefits, as defined in Section D, below, after the Administrator has determined that the request for payment is otherwise payable by the Trust or to seek reimbursement or to apply for benefits from such other source of benefits; valid releases for medical or billing information; and signatures either required by the terms of the Trust or deemed necessary by the Administrator and the Trustee to carry out their respective duties and responsibilities under the terms of the Trust.

**Section C.     Duty to Determine Whether Payment of Request for Allowable Benefits is Authorized by the Trust**

**1.     Determination of Allowable Benefits**

Upon the receipt of the information, authorizations, releases, and signatures required in Section B, Paragraph 3, above, the Administrator shall commence its review of each request for payment of allowable benefits and the Administrator shall, subject to this Article VI and Article IX of the Trust, determine whether the goods or services for which payment is being sought are allowable benefits under the terms of the Trust. The Administrator has no duty to determine whether the Trust authorizes any payments other than those for allowable benefits: those

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

determinations are to be made by the Trustee within its duties, responsibilities, and powers under Articles VII and X of the Trust.

### 2. Administrator's Determination Based Exclusively on the Terms of the Trust

The Administrator's determination of whether a request for payment of allowable benefits is authorized by the Trust shall be based exclusively on the terms of the Trust. However, in determining the necessity for, or reasonableness of, any request for payment of allowable benefits, the Administrator may be guided by making reference to what would be deductible medical expenses under the Internal Revenue Code and such regulations and rulings which are then and there in effect. Notwithstanding any Internal Revenue Code, regulation, or ruling to the contrary, the Administrator shall not pay any allowable benefit unless it is otherwise allowed under the terms of the Trust, even though the expense may be considered a deductible medical expense for tax purposes.

### 3. Exclusions That Apply to Requests for Payment of Allowable Benefits Unless There is an Express Authorization to the Contrary in Article IX

**Unless otherwise specifically authorized in Article IX of the Trust**, the Administrator shall **not** authorize, and the Trustee shall **not** pay, any of the following:

a. Goods and services received from, provided by, or paid for by any institution or agency of the United States Government.

b. Goods and services, or portions thereof, for which the Beneficiary is not liable for payment or has not been, or will not be, billed or charged; goods and services that were provided prior to the date the Trust is deemed established; goods and services for which an obligation to provide such goods and services was incurred prior to the date the Trust is deemed established; and goods or services that were provided after the date the Trust is deemed terminated.

c. Goods and services which were provided by the Beneficiary's immediate relative or household member, such as spouse (by marriage, common law, or partner), parent, grandparent, child, sibling, or guardian, whether by blood, marriage, adoption, or legal appointment.

d. Goods and services paid by any person or entity, including Medicare or Medicaid, other than the Beneficiary to the extent that person or entity had a legal obligation to make such payment.

e. Goods and services for which the Beneficiary has been reimbursed or reasonably expects to be reimbursed, regardless of the source of the payment.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

f. Investigational or experimental medical goods or services, unless such medical goods or services have been approved by the FDA for investigational or experimental purposes and provided further that such investigational or experimental medical goods or services are being provided to the Beneficiary in the United States. Goods or services related to dental care. For purposes of this Trust, the terms "medical care" and "medical treatment" do not include dental care.

g. Goods or services that the Administrator determines are not medically necessary. For purposes of the Trust, the term "medically necessary" means that the goods or services (i) were prescribed by an individual who is authorized by law to write a prescription; (ii) are consistent with the standards of good medical practice in the United States; (iii) are primarily and customarily used only for a medical purpose; (iv) are generally useful only to a person with an illness, disability, disease, or injury such as the Beneficiary's at the time treatment is being provided; (v) are not primarily for the personal comfort (except that medications or surgeries to treat or relieve physical pain shall not be considered to be for "personal comfort" for the purpose of this definition) or convenience of the Beneficiary, the family of the Beneficiary, or the provider of the goods or services; and (vi) serve a specific therapeutic purpose in the treatment of any of the Beneficiary's illnesses, disabilities, diseases, or injuries.

h. Fees that are in excess of reasonable and customary charges, as determined by the Administrator. For purposes of the Trust, the term "reasonable and customary charge" means the prevailing charge made by other providers of such goods or services within the geographic area in which the goods or services are being provided.

i. Treatment for cosmetic purposes.

j. In-home attendant care, in-home attendant care services, or in-home services (hereinafter "in-home attendant care"). For purposes of the Trust, the terms " in-home attendant care," "in-home attendant care services," and "in-home services" shall be defined as any type of care or services provided to the Beneficiary in the Beneficiary's principal place of residence, including but not limited to medical treatment and medical care, non-medical treatment and care, psychological or psychiatric treatment and care, skilled nursing care (i.e., care that requires a registered nurse or a licensed practical nurse), unskilled nursing care, therapy, counseling, companion services, cleaning services, personal attendant services, personal assistant services, attendant care, custodial care and services, respite care, and all other types of care, services, assistance, attendant care, and support that may be provided to, or is needed by, the Beneficiary in the Beneficiary's principal place of residence. For purposes of the Trust, term "principal place of residence" means a single family home that is owned, rented, or leased by the Beneficiary, a natural parent of the Beneficiary, or a legal guardian of the Beneficiary.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

k. Non-medical social services; educational and training services; training in activities of daily living; any equipment related to these types of services or training.

l. Habilitative, rehabilitative, physical, speech, occupational, and recreational therapy; any equipment related to such therapies; a membership to a pool, spa, health club, fitness center, gymnasium, or similar type facility.

m. Counseling of any type.

n. Security systems.

o. Entertainment or other activities of daily living; and any equipment related thereto.

p. Transportation or travel expenses of any type for any purpose.

q. Motor vehicle expenses. For purposes of the Trust, the term "vehicle expenses" shall be defined to include, but not limited to, expenses relating to the purchase, rental, or lease of a motor vehicle of any type; expenses relating to the maintenance, repair, or modification of a motor vehicle of any type; expenses relating to the installation, maintenance, repair, or modification of accessories or additional equipment for a motor vehicle of any type; and taxes or insurance on a motor vehicle of any type.

r. Real estate expenses. For purposes of the Trust, the term "real estate expense" shall be defined to include, but not limited to, expenses relating to the purchase, rental, lease, construction, re-building, restoration, repair, or modification of a building of any type (including a home or residence) or to any other type of structure; expenses relating to the construction of any type building or structure on land or real estate; expenses relating to mechanical, electrical, and plumbing systems, including auxiliary or backup systems; expenses relating to the maintenance, repair, modification, or upgrade or improvement of a building or structure of any type; expenses relating to the maintenance of or modification to land; expenses relating to access, ingress, or egress to a building or structure of any type; expenses relating to access, ingress, or egress within a building or structure of any type; expenses relating to the installation, maintenance, repair, or modification of fixtures or accessories on or in any building or structure of any type; expenses relating to the installation, maintenance, or modification of fixtures or accessories on land or real estate; taxes on a building or structure of any type; and insurance covering any land, building, or structure.

s. The purchase, rental, lease, maintenance, or modification of any personal property of any type; or any insurance covering any personal property of any type.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

t. Burial and funeral expenses.

u. Fees, costs, and expenses relating in any way to a guardianship or conservatorship, including, but not limited to, fees, costs, and expenses (including bond premiums) relating to (i) the establishment, administration, or termination of a guardianship or conservatorship or the appointment or removal of a guardian ad litem, guardian, conservator, or the like, (ii) any legal or other proceeding to determine whether the Beneficiary lacks legal capacity, (iii) any legal or other proceeding relating to the interpretation of the Trust or the payment or denial of payment of allowable expenses or expenses relating to the administration of the Trust, or (iv) any legal or other proceeding relating to an objection or challenge to the payment or denial of payment of allowable expenses or expenses relating to the administration of the Trust.

v. Goods and services that are not caused by, or not directly related to, the injuries the Beneficiary contended in R.T.B. v. United States, 19-CV-2305-W-KSC (S.D. Cal.) were caused by the acts or omissions of employees of the United States. A copy of the Complaint filed in said Civil Action shall be on file with the Trustee and the Administrator.

## 4.    Deadline for Making Determination

The Administrator shall complete its review and make its determination within thirty days of receipt of a request that fully and completely complies with the requirements of Article VI, Section B, of the Trust. If the review and determination cannot be made within the thirty-day period, the Administrator shall have an additional thirty days to complete said review and to make said determination, provided written notice of such extension is provided to the Beneficiary.

## 5.    Reliance on Information Submitted

In making determinations pursuant to this Section C, the Administrator shall have the right to rely upon the information submitted by the Beneficiary or providers of goods and services. The Administrator shall have no duty or obligation to determine the qualifications of the providers of goods and services or whether any payments made to the Beneficiary are actually used by or for the Beneficiary's benefit. The Administrator is not required to obtain an order or approval from any Court or the approval of the Grantor, except as required by the Trust, in determining whether a request for payment of allowable benefits is authorized, in whole or in part, under the terms of the Trust. The Administrator shall not be liable in money damages for any discretionary payment or other loss that occurs, other than through its own fault or negligence.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

### 6. Denial of Requests for Payment of Allowable Benefits

If a request for payment of allowable benefits is denied, in whole or in part, the Administrator shall provide written notice of the decision to the Beneficiary. The notice shall state the reasons for the denial and shall be sent to the Beneficiary within a reasonable period of time, not to exceed fifteen days after the decision is made. The Beneficiary shall have ninety days from the date the Beneficiary receives the written notice of the denial to object to the denial. The Beneficiary waives any objection the Beneficiary has or might otherwise have with respect to the denial by failing to object within the ninety-day period provided above. Objections shall not be unreasonably made.

### 7. Disputes

If a dispute arises with respect to a request for payment of allowable benefits, the Administrator may refrain from taking any other or further action in connection with the disputed request for allowable benefits until the matter has been resolved.

### Section D. Duty to Submit Requests for Payment to Other Sources of Benefits

### 1. Submission of Requests for Payment to Other Sources of Benefits

For each request for payment of allowable benefits determined by the Administrator to be payable from the Trust Estate, the Administrator shall submit the request for payment to any other source of benefits from which the Beneficiary is entitled to benefits or payment before notifying the Trustee under Section E, below, to make a payment from the Trust Estate. When submitting the request to other sources of benefits, the Administrator shall notify the other source that the Trust Estate, as provided in Article V of the Trust, was established by the Grantor as a secondary payer on any request for payment of allowable benefits.

### 2. Definition of Other Sources of Benefits

For purposes of the Trust, the terms "other source of benefits," "another source of benefits," and "other sources of benefits," are defined to mean any source of benefits or payments other than the Trust Estate, but shall not include any assets owned by the Beneficiary. Examples of "other source of benefits," "another source of benefits," or "other sources of benefits," shall include, but not be limited to, group or individual health insurance; automobile insurance; federal, state, local, or tribal program or insurance; Workers' Compensation; and liability insurance.

EXHIBIT 6

### 3. Procedures in the Event the Other Sources of Benefits Refuse to Pay

In the event another source of benefits to whom a request for payment of allowable benefits has been submitted refuses to pay the request, in whole or in part, the Administrator shall notify the Trustee pursuant to Section E, below, to make a payment from the Trust Estate for the allowable benefit to the extent otherwise authorized by the terms of the Trust. Thereafter, the Administrator shall seek reconsideration of the refusal to pay by the other source of benefits. In the event the other source of benefits reconsiders its refusal and agrees to pay the benefit, the payment from the other source of benefits shall be made payable to the Trust Estate and deposited by the Trustee into the Trust Estate.

### Section E.    Duty to Notify Trustee to Pay Allowable Benefits From Trust Estate

After the Administrator has determined that a request for payment of allowable benefits is authorized by the terms of the Trust, and to the extent the request has not otherwise been paid by another source of benefits after being submitted pursuant to Section D, above, the Administrator shall notify the Trustee in writing of the amount to be paid from the Trust Estate and the name of the person or entity to whom such payment is to be made.

### Section F.    Duty to Require the Following: Disclosure of Other Sources of Benefits; Application or Enrollment with Other Sources of Benefits for Coverage; Other Disclosures or Documentation, Information, Signatures, or Other Actions

### 1. Disclosure of Other Sources of Benefits

Within sixty days of the date the Trust is deemed established, and annually thereafter, the Administrator shall require the Beneficiary to disclose to the Administrator the identity of any source of benefits from which the Beneficiary is or may be entitled to payment or benefits for which the Trust is otherwise required to make payment. The term "other source of benefits" is defined in Section D, Paragraph 2, above. The Beneficiary must make a legitimate and reasonable effort to locate and identify all such sources of benefits.

### 2. Application or Enrollment with Other Sources of Benefits

Whenever the Administrator learns of any other source of payment or benefits that may be available for the payment of any benefits that are otherwise allowed under the terms of the Trust, the Administrator shall determine whether payment of allowable benefits is available from such source. The Trustee shall notify the Administrator if it learns of any other such source of

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

benefits. In the event the Administrator determines that payment of allowable benefits may be available from another source of payment or benefits, the Administrator shall require the Beneficiary to submit an application to the other source of benefits for coverage by that other source. Pursuant to Article X of the Trust, the Trustee is authorized to pay the costs (such as enrollment fees or premiums) of coverage by the other source, provided the Trustee and Administrator have determined that enrollment with such other source and the payment of the cost of coverage from the other source is in the best interests of the Trust Estate and the Grantor concurs. The Trustee shall not pay the cost of any new or current coverage except for that portion of the cost attributable to having the Beneficiary covered.

### 3. Other Disclosures of Information or Documentation, Signatures, or Other Actions

Within sixty days of the date the Trust is deemed established and annually thereafter, or upon request by the Grantor, Trustee, or any annuity company that is making annuity payments to the Trust, the Administrator shall request that the Beneficiary disclose to the Administrator the following:

a. Signatures, authorizations (including but not limited to authorization or permission to visit the Beneficiary), documentation (including but not limited to medical records, medical assessment reports, and any written assessment of the Beneficiary's disabilities, illnesses, or disorders), and information as required by the terms of the Trust or by the Administrator or Trustee to the extent necessary for the Administrator and Trustee to carry out the terms of the Trust;

b. Proof of status as to life, death, legal capacity, and legal authority of the Beneficiary or anyone purporting to act on behalf of the Beneficiary; any such proof shall be in form and at the frequency determined by the Grantor, Trustee, Administrator, or any annuity company making annuity payments to the Trust.

c. In the event the Administrator makes a request pursuant to this Paragraph 3 on behalf of the Grantor, Trustee, or any annuity company that is making annuity payments to the Trust, the Administrator shall forward the Beneficiary's response to the Grantor, Trustee, and the annuity company.

### 4. Consequences of Beneficiary's Failure to Comply

a. In the event the Beneficiary refuses or fails to disclose the information required in Paragraph 1, above, or refuses or fails to apply for benefits from another source of payments or benefits required in Paragraph 2, above, the Administrator shall determine the extent to which

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

the other source of benefits would have otherwise paid for benefits that are otherwise allowed by the Trust. To the extent it appears to the Administrator, in its discretion, that the other source of benefits, upon receiving a valid application for benefits, may have paid, in whole or in part, a request for payment of allowable benefits that would otherwise be allowed by the Trust, the Administrator shall not authorize the payment of the request for payment of allowable benefits from the Trust Estate to the extent the other source would have paid had a valid application been submitted.

b. In the event the Beneficiary refuses or fails to comply with any request made pursuant to Paragraph 3, above, the Administrator shall not authorize any request for payment of allowable benefits, as defined in Article IX of the Reversionary Trust, unless and until the Beneficiary complies with any such request.

c. The Trustee is authorized to take any reasonable legal action to enforce the requirements in the Trust that the Beneficiary provide to the Trustee and Administrator any information, documentation, authorizations, access, or signatures required by the terms of the Trust or as requested by the Trustee or Administrator in administering the terms of the Trust.

## Section G.    Duty to Assist the Beneficiary

The Administrator shall provide the Beneficiary with assistance in applying for payment of allowable benefits from the Trust Estate. The Administrator may, in its discretion, provide clerical and technical assistance to the Beneficiary in determining the availability of benefits from any source of benefits and in completing an application to any source of benefits.

## Section H.    Duty to Maintain Files

The Administrator shall obtain and retain in its files a copy of all requests for payment of allowable benefits and supporting documentation, including receipts and itemizations. The Administrator shall permit the Trustee, the Grantor, and the Beneficiary or their designated representatives to examine all such files and documentation.

## ARTICLE VII
## THE DUTIES OF THE TRUSTEE

## Section A.    Duty to Act as the Trustee

The Trustee shall act as the Trustee and perform its fiduciary duties and responsibilities as defined by the terms of the Trust. The term "Trustee" includes the present Trustee and any

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

successor of said Trustee, whether by appointment pursuant to the Trust, or by way of merger, consolidation, transfer of Trust business, or otherwise.

**Section B.     Duty to Open Separate Account and to Manage the Trust Estate**

The Trustee shall open a separate account in the name of the Trust and deposit into such account the sum received from the Grantor pursuant to the Stipulation. The Trustee agrees to accept, hold, manage, invest, administer, and distribute the Trust Estate according to the terms of the Trust within the powers provided to the Trustee.

**Section C.     Duty to Make Payments From the Trust Estate**

**1.     Payment of Allowable Benefits**

a.  Pursuant to Article VIII of the Trust, the Beneficiary agrees to provide certain signatures, authorizations, documentation, and information that is required by the terms of the Trust or by the Administrator or Trustee to carry out their respective duties under the terms of the Trust.

b.  In the event the Administrator, the Trustee, or both determine that the Beneficiary has failed to provide such signatures, authorizations, documentation, and information when required by the terms of the Trust or when requested by the Administrator or Trustee, the Trustee shall not pay any allowable benefit unless and until the Beneficiary has provided the required signatures, authorizations, documentation, and information.

c.  Upon receipt of all required signatures, authorizations, documentation, and information, and upon receipt of written notification from the Administrator pursuant to Article VI, Section B, of the Trust,  the Trustee shall make payments authorized by the Administrator in the amount and to the payee authorized by the Administrator. The Trustee shall not pay any request for payment of allowable benefits without the express written authorization of the Administrator.

d.  In making a payment from the Trust Estate, the Trustee shall have the right to rely upon the determinations of the Administrator that a payment is authorized by the terms of the Trust and that the amount to be paid from the Trust Estate and the payee are correct. The Trustee shall incur no liability for disbursements made in reliance on such determinations by the Administrator. The Trustee shall have no duty or obligation to determine the qualifications of the providers of goods and services or whether any payments made to the Beneficiary are actually used by or for the Beneficiary's benefit.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

## 2. Payment of Other Trust Expenses

In addition to making payments pursuant to Paragraph 1, above, for allowable benefits authorized by the Administrator, the Trustee shall also pay the other expenses of the Trust and Trust administration to the extent allowed by the terms of the Trust.

## 3. Source of Payments Made From the Trust Estate

Payments authorized by the Trust shall be paid first out of the income generated by the Trust Estate. At the end of each calendar year, any such income that has not been disbursed, expended, reserved, or otherwise accumulated, shall be accumulated and added to the Trust Estate as principal. In the event the income of the Trust Estate is insufficient in any single calendar year to make the payments authorized by the Trust, the Trustee, in its discretion, may invade the principal of the Trust Estate. However, the Trustee may not invade the principal of the Trust Estate by an amount to exceed Twenty Thousand Dollars ($20,000.00) in any single calendar year without giving prior written notice to the Beneficiary and Grantor. The purpose of the notification requirement is to advise the Beneficiary and Grantor and to permit either of them to question payment requests that may jeopardize the long-term viability of the Trust Estate. The mere fact that such notice is given, however, shall not affect the obligation of the Trustee to make payments that are otherwise authorized by the Trust. For the purpose of this Paragraph 3, any annuity payments into the Trust Estate during any calendar year shall be considered income in determining the amount available for expenditure before the Trustee is considered to have invaded the principal of the Trust Estate, but shall not be considered in determining the fees of the Trustee or Administrator unless otherwise allowed under the Trustee's and Administrator's standard schedule of fees. In the event the income and principal of the Trust Estate are insufficient in any single calendar year to make the payments authorized by the Trust, the Trustee shall make payments only to the extent funds are available in the Trust Estate. The Trustee shall not borrow from any source to make payments when the income and principal of the Trust Estate are insufficient in any single calendar year to make the payments authorized by the Trust. In the event the Trust Estate becomes Zero Dollars ($0.00) and there is no income or annuity payments due in the future, the Trust shall be deemed terminated and the Trustee shall close the Trust according to the procedures set forth in Article XIX.

## 4. Discretion of Trustee in Making Payments

The Trustee is not required to obtain an order or approval from any Court or the approval of the Grantor, except as required by the Trust, in making payments from the Trust Estate. The Trustee shall not be liable in money damages for any payment or other loss that occurs other than through its own fault or negligence. Until the Trustee has received, at the location where the Trust Estate is being administered, written notice of the Beneficiary's death or of any other event

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

upon which the right of payments may depend, the Trustee shall incur no liability for making payments authorized by the Trust.

**Section D.**  **Duty to Recover Payments**

If subsequent to a payment of an allowable benefit, the Trustee determines that the payment should not have been made or should have been made in a lesser amount or that the Beneficiary has been reimbursed from another source of benefits for such benefit, the Trustee shall offset the amount of such payment to the extent of the overpayment. The Trustee is also authorized to take reasonable legal action as may be necessary to reimburse the Trust Estate for an overpayment or to collect payments from other sources of payment. For purposes of the Trust, the term "overpayment" shall mean any of the following: any payment that should not have been made; any payment that should have been made in a lesser amount; any payment of an expense for which there has been payment or reimbursement from another source of benefits; and any payment of an expense that should have been paid from another source of benefits.

**Section E.**  **Duty to Maintain Files and Accounts and to Render Statements of Account**

The Trustee shall obtain and retain in its files a copy of the receipts and itemizations for all expenses paid by the Trust Estate. The Trustee shall also maintain a system of accounting and books of account with respect to the income, expenses, and assets of the Trust Estate which conform to the generally accepted principles and practices of accounting. The Trustee shall permit the Grantor, the Administrator, and the Beneficiary or their designated representatives to examine all accounts, files, and documents relating to the Trust and the Trust Estate.

The Trustee shall render a statement of the administration of the Trust Estate to the Administrator, the Grantor, and the Beneficiary. The statement shall be made at least quarterly. Copies of all tax filings, if any, filed on behalf of the Trust Estate shall similarly be furnished. The Grantor and the Beneficiary shall each have ninety days from the date of receipt of each statement to object thereto. If the Grantor timely objects to any payment from the Trust Estate, or to the reasonableness thereof, or the necessity therefore, no such payment or similar payment shall be authorized or made in the future, except on written notice to the Grantor. The failure of the Grantor or the Beneficiary to object to an item on a statement or to a particular payment noted in the statement shall be conclusive as to such item or payment but shall not preclude the Grantor or the Beneficiary from objecting to like items or payments appearing in future statements. Objections shall not be unreasonably made.

The Trustee is authorized to provide a copy of the statement of the administration of the Trust Estate to any Court of competent jurisdiction which may require the same, upon the consent of the Beneficiary.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

## ARTICLE VIII
## OBLIGATIONS OF THE BENEFICIARY

(a)  As a condition of both the settlement set forth in the Stipulation and the payment of allowable benefits, the Beneficiary agrees to:

1.  Comply with the terms and conditions of the Trust;

2.  Cooperate with the Administrator and Trustee to the extent necessary for the Administrator, Trustee, or both, to carry out their respective duties and responsibilities;

3.  Submit timely and complete requests for payment of allowable benefits as required by the terms of the Trust;

4.  Provide signatures, authorizations, documentation (including explanation of benefits from health care providers), and information as required by the terms of the Trust or required by the Administrator or Trustee to the extent necessary for the Administrator and Trustee to carry out the terms of the Trust, including but not limited to complying with Article VI, Section F of the Trust;

5.  Provide, upon request by the Grantor, Trustee, Administrator, or any annuity company making annuity payments to the Trust, proof of status as to life, death, legal capacity, and legal authority of the Beneficiary or anyone purporting to act on behalf of the Beneficiary; any such proof shall be in form and at the frequency determined by the Grantor, Trustee, Administrator, or any annuity company making annuity payments to the Trust.

6.  Identify other sources of payments or benefits;

7.  Apply to other sources of payments or benefits for coverage;

8.  Assist the Administrator and Trustee in obtaining payments or reimbursement from other sources of payments or benefits; and

9.  Transmit to the Trust Estate any amount received by the Beneficiary from another source of payments or benefits in reimbursement for, or payment of, an expense that has been paid or will be paid from the Trust Estate; reimburse the Trust Estate any other overpayments or payments erroneously or wrongfully paid.

(b)  The Beneficiary acknowledges and agrees that the failure to comply with the obligations set forth in Subparagraph (a) above may result in the denial, in whole or in part, of

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

requests for the payment of allowable benefits, as defined in Article IX of the Reversionary Trust.

**ARTICLE IX**
**ALLOWABLE BENEFITS**

**Section A.      Definition of Allowable Benefits**

For purposes of the Trust, the term "allowable benefits" is defined to mean only those benefits specifically enumerated below in Section B. The term "allowable benefits" is further defined to mean only those specifically enumerated benefits in Section B, below, that (i) are incurred after the date the Trust is deemed established, as defined in Article V of the Trust; (ii) are incurred before the date the Trust is deemed terminated, as defined in Article XIX of the Trust; (iii) are necessary and reasonable; (iv) are caused by, or directly related to, the injuries the Beneficiary contended in <u>RTB v. United States</u>, 19-CV-2305 W-KSC (S.D. Cal.) were caused by the acts or omissions of employees of the United States; and (v) are exclusively for the benefit of the Beneficiary, unless otherwise specifically authorized by the terms of the Trust.

**Section B.      Enumeration of Allowable Benefits**

Subject to Article IX, Section A, above, the Administrator shall authorize and the Trustee shall pay the following enumerated allowable benefits, based upon, and subject to, the terms and conditions set forth in the Trust and in the enumerated allowable benefits below:

**1.      Medical Treatment and Medical Care Outside of the Beneficiary's Principal Place of Residence**

a. The Administrator shall authorize and the Trustee shall pay for medical treatment and medical care provided to the Beneficiary at locations outside of the Beneficiary's principal place of residence, as defined above in Article VI, Section C, Paragraph 3.j., for the diagnosis, cure, mitigation, or prevention of disease, illness, injury, or disability.

b. The Administrator shall authorize and the Trustee shall pay for the services of physicians, physician's assistants, registered nurses, licensed practical nurses, licensed or certified nurse's aides, radiologists, laboratory technicians, and other similarly licensed or certified health care personnel providing medical treatment and medical care outside of the Beneficiary's principal place of residence.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

c. Except to the extent specifically authorized in below in Paragraphs 2 and 4, the Administrator shall not authorize and the Trustee shall not pay for any in-home attendant care, as defined in Article VI, Section C, Paragraph 3.j., or for any respite care.

## 2.    In-Home Attendant Care

a. Subject to the terms and conditions of this Paragraph, the Administrator shall authorize and the Trustee shall pay for in-home attendant care.

b. In-home attendant care.

(1) The Administrator shall authorize and the Trustee shall pay up to a maximum of: 8 hours per day of in-home attendant care services up to the Beneficiary's 18th birthday; and (2) 10 hours per day of in-home attendant care services on and then after Beneficiary's 18th birthday for life as provided below.

(2) The Beneficiary must be physically present in the Beneficiary's principal place of residence at such time as the in-home attendant care services are provided.  Payment is not authorized under this Paragraph 2.b if the Beneficiary is not physically present in said principal place of residence at the time such in-home attendant care services are provided.  For any period of time that the Beneficiary is not physically present in the Beneficiary's principal place of residence, including a period of time when the Beneficiary is a patient at a hospital, or is a resident at, or is admitted to, a hospital, nursing home, foster home, foster care facility, residential care facility, licensed group home, long-term care facility, respite care facility, or hospice facility, the Administrator shall not authorize and the Trustee shall not pay for any in-home attendant care under this Paragraph 2.

(3) The Administrator shall authorize and the Trustee shall pay for in-home attendant care under this Paragraph 2 at the skill level of in-home attendant care services that is medically necessary (as defined in Article VI, Section C, Paragraph 3.g., above) and at the reasonable and customary charge (as defined in Article VI, Section C, Paragraph 3.h. above) for that skill level for providing such in-home attendant care services, except that in the event that the person providing in-home attendant care services authorized by this Paragraph 2 is the Beneficiary's parent, child, guardian, custodian, conservator, relative (including but not limited to sibling, grandparent, or other family member or relation, whether by blood, adoption, or otherwise), or household member (including but not limited to a roommate or housemate) of the Beneficiary, the Administrator shall authorize and the Trustee shall pay such parent, guardian, custodian, conservator, relative, or household member an hourly rate of pay equal to the median hourly rate of pay of a home health aide based on the most recent online wage data available from the United States Department of Labor's Bureau of Labor Statistics for the metropolitan or

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

nonmetropolitan geographic area in which the Beneficiary is physically residing.  See, http://www.bls.gov/oes/current/oessrcst.htm.

    c. Except to the extent expressly authorized in this Paragraph 2 and Paragraph 4 below, the Administrator shall not authorize and the Trustee shall not pay for in-home attendant care services regardless of the Beneficiary's medical needs, the type of services being provided, or the person or skill level of the person providing such services.

### 3.      Emergency Room, Hospital, and Residential Care Facility

    The Administrator shall authorize and the Trustee shall pay for the cost of the Beneficiary's admission to a hospital for acute medical treatment and care and to an emergency room for emergency medical treatment and care. The Administrator shall authorize and the Trustee shall pay for the cost of admission to a nursing home or other type of licensed residential care facility (including a licensed group home or long-term care facility but not to include a licensed foster home). The cost of admission to any facility authorized in this Paragraph 3 shall include room and board and medical expenses. Except to the extent expressly authorized in this Paragraph 3, the Administrator shall not authorize and the Trustee shall not pay for the cost of admission to or residence at any other type of facility other than stated in this Paragraph 3.

### 4.      Therapy Services

    a.  The Administrator shall authorize and the Trustee shall pay for physical, occupational, and speech therapy services necessitated by the Beneficiary's medical condition, provided that (1) the Beneficiary's treating physician orders any such therapy services, (2) the Beneficiary's treating physician certifies in writing that the Beneficiary is capable of benefiting from such therapy service, and (3) such therapy service is administered by a licensed health care provider, licensed therapist, or a therapist trained in generally accepted therapy modalities and performed under the supervision of a licensed therapist.  In the event the Beneficiary is receiving therapy at no cost under any program provided, sponsored, or paid for by the United States, any State of the United States, or any Territory of the United States or District of Columbia, or is receiving therapy provided, sponsored, or paid for by a private program or insurance, the Administrator shall authorize and the Trustee shall pay only the amount necessary to supplement the therapy services the Beneficiary is receiving under such statutes, programs, or insurance.

    b. The Administrator shall authorize and the Trustee shall pay for therapy services authorized by this Paragraph 4 even if such services are provided at the Beneficiary's principal place of residence, as defined in Article VI, Section C, Paragraph 3.j., provided that the cost of such services does not exceed the cost of providing such services outside of the Beneficiary's principal place of residence.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

## 5. Prescription Drugs and Medicines; Medical Devices; Medical Appliances; Durable Medical Equipment; Medical Supplies; and Medical Diagnostic Testing

The Administrator shall authorize and the Trustee shall pay for prescription drugs and medicines; medical devices; medical appliances, durable medical equipment, medical supplies, and medical diagnostic testing. The Administrator shall authorize and the Trustee shall pay for the cost of maintenance on any medical device, medical appliance, or durable medical equipment that was purchased from Trust Estate funds.

Notwithstanding any definition of medical devices, medical appliances, durable medical equipment, medical supplies, or medical therapeutic equipment and supplies to the contrary, the following items shall not be paid under this Paragraph 5:

a. Motor vehicle expenses, as defined above in Article VI, Section C, Paragraph 3.q.

b. Real estate expenses, as defined above in Article VI, Section C, Paragraph 3.r.

c. Swimming pools, lap pools, spas, whirlpools, or saunas.

d. The construction, rent, or lease of any facility or structure for any type of therapy or for any other purpose.

e. Membership to a pool, spa, health club, fitness center, gymnasium, or similar type facility.

f. Computers, computer hardware, computer software, and computer peripherals, except to the extent the computer or computer hardware has been or will be implanted in the Beneficiary, is a component in such implant or in the Beneficiary, or is a component of a medical appliance or device to maximize the Beneficiary's hearing capabilities and promote hearing acuity.

The Administrator may make arrangements with a firm such as PMSI (Pharmacy Management Services, Inc., P.O. Box 20248, Tampa, Florida 33622-0248; 1-800-237-7676) or another similar service for advance deposit for drugs and services as may be to the benefit and convenience of the Beneficiary if prescription services are not available through governmental programs or private insurance.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

### 6. Transportation for Obtaining Emergency Medical Care

The Administrator shall authorize and the Trustee shall pay for reasonably incurred transportation expenses of the Beneficiary (including ambulance hire) primarily for and essential to obtaining emergency medical care, emergency medical treatment, or emergency medical services. The Administrator shall not authorize and the Trustee shall not pay any other transportation or motor vehicle expenses except those expressly authorized in this Paragraph 6 and in Paragraph 7 below.

### 7. Motor Vehicle Expense Allowance

The Administrator shall not authorize and the Trust shall not pay any motor vehicle expenses, as defined above in Article VI, Section C, Paragraph 3.q.

However, to help defray expenses related to the operation of a motor vehicle used to transport the Beneficiary, including the purchase, lease, rent, maintenance, modification, operation, taxes and insurance, the Administrator shall authorize and the Trustee shall pay to the Beneficiary the following, one-time vehicle allowance on the terms and conditions stated below:

No sooner than one year after the date this Trust is deemed established pursuant to Article V, the maximum sum of Ten Thousand Dollars ($10,000.00).

The Administrator shall not authorize and the Trustee shall not pay expenses relating to motor vehicles or transportation except to the extent expressly authorized in this Paragraph 7 and Paragraph 6 above.

### 8. Real Estate Expense Allowance

The Administrator shall not authorize and the Trustee shall not pay for any expenses relating to real estate, as defined above in Article VI, Section C, Paragraph 3.r.

However, to help defray such expenses, the Administrator shall authorize and the Trustee shall pay to the Trust Beneficiary a lifetime amount not to exceed Fifteen Thousand Dollars ($15,000.00) during the term of the Trust, with the first payment no sooner than two years after the date this Trust is deemed established pursuant to Article V. Prior to authorizing payment for home modifications pursuant to this Paragraph, the Trust Beneficiary or Parents or court appointed custodians of the Trust Beneficiary, must submit to the Administrator, the estimated cost of home modifications; reflecting the nature of the work to be completed, and evidence that the modifications are related to the Trust Beneficiary's medical condition. A payment under this

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

Paragraph is subject to the Trust Beneficiary residing and actually living on a full-time basis in the home to be modified as the Trust Beneficiary's place of residence.

The Administrator shall not authorize and the Trustee shall not pay expenses relating to real estate except to the extent expressly authorized in this Paragraph 8.

### 9.     Health Insurance

The Administrator shall authorize and the Trustee shall pay the costs (such as enrollment fees or premiums) of health insurance coverage for the Beneficiary, provided the Trustee and Administrator have determined that such costs of coverage are in the best interests of the Trust Estate and the Grantor concurs. In the event the Trustee and Administrator determine under this Paragraph 9, and under Article VI, Section F, Paragraph 2 and Article X, Paragraph 3, that some or all of the cost of health insurance coverage should be paid by the Trust Estate and the Grantor has concurred in said determination, the fact that the health insurance policy under consideration also covers medical claims that this Trust would not otherwise pay under the terms of Article IX should not be used to reject a request by the Beneficiary for the payment of the cost of enrollment fees or premiums.

### 10.     Case Manager

The Administrator may authorize, and the Trustee may pay for, certified case management services as follows: Beginning on the date the Trust is deemed established pursuant to Article V and for the next twelve (12) months, the Administrator may authorize and the Trustee may pay up to a maximum of 24 hours for certified case management services. Thereafter, the Administrator may authorize and the Trustee may pay up to only a maximum of 12 hours per year for certified case management services. The Administrator is authorized, and the Trustee may pay for a Certified Case Manager at the reasonable and customary charge for a Certified Case Manager at the time
the services are provided.

### 11.     Miscellaneous Expenses

The Administrator shall not authorize and the Trustee shall not pay miscellaneous expenses of the Beneficiary. For purposes of the Trust, the term "miscellaneous expenses" shall mean any expense of the Beneficiary that is not otherwise specifically authorized by the terms and conditions of the Trust.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

## ARTICLE X
## THE POWERS OF THE TRUSTEE

The Trustee shall have the following enumerated powers and all those powers provided by the laws of the Trustee's domicile, provided such powers are not inconsistent with the powers enumerated herein or the terms of the Trust. The Trustee shall exercise these powers in its sole discretion and without license or leave of any Court.

1. To pay allowable benefits from the Trust Estate to the extent authorized by the terms and conditions of the Trust.

2. To employ at its option and with prior consent of the Beneficiary any person or business for the purpose of providing allowable services to or for the Beneficiary, provided the Trustee determines that employment by the Trust directly is more economical than paying a third party to arrange for the provision of such services and that it will not detract from the quality of services provided to the Beneficiary.

3. To pay the cost of enrollment or premiums for benefits from a source of benefits other than the Trust, including health insurance, according to the terms and conditions of the Trust.

4. To pay or reserve sufficient funds to pay all expenses related to the management and administration of the Trust, including all assessments, charges, fees, taxes, or other expenses incurred in the administration, enforcement, or protection of the Trust and the Trust Estate not otherwise precluded by state law or any other provision of the Trust. Such expenses shall include the fees of the Trustee and the Administrator to the extent authorized in Article XIII of the Trust. The Trustee shall not pay any fees, legal or otherwise, any costs, or any expenses relating to the establishment, administration, or termination of a guardianship or conservatorship for the Beneficiary or relating to any proceeding to determine whether the Beneficiary lacks legal capacity. The Trustee shall not pay any fees, legal or otherwise, any costs, or any expenses incurred by either the Beneficiary or Grantor in resolving any disputes, questions, or interpretations arising under the Trust. The Trustee shall not pay any fees, legal or otherwise, any costs, or any expenses incurred by the Beneficiary in seeking or obtaining benefits from any source of benefits other than the Trust, except that the Trustee shall pay the cost of enrollment or premiums for benefits from a source of benefits other than the Trust, including health insurance, according to the terms of the Trust. In the event the Trustee must retain legal counsel to represent the interests of the Trustee, the Administrator, or the Trust Estate in resolving any dispute, question, or interpretation arising under the Trust or to represent the Trustee, the Administrator, or the Trust Estate in the administration or protection of the Trust and the Trust Estate or for the purpose of enforcing the terms of the Trust, the Trustee is prohibited from retaining any attorney or law firm who represents or has represented the Beneficiary or any relative of the Beneficiary

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

or any guardian or conservator of the Beneficiary unless the Trustee can demonstrate to the Grantor by clear and convincing evidence that there is no actual conflict of interest, no apparent conflict of interest, and no appearance of a conflict of interest between said attorney or law firm and the interests of the Grantor. The Trustee must take into account that the establishment of this Trust was part of a settlement of a Federal Tort Claims Act suit filed by the Beneficiary against the United States of America as a defendant and that the United States of America is the Grantor of this Trust.

5. To retain any property held in the Trust Estate for as long as the Trustee shall deem it advisable, provided the Trustee takes into account the purpose of the Trust.

6. To invest and reinvest in, and to acquire by purchase, exchange, or otherwise, intangible property such as stocks, bonds, securities, mutual funds, certificates of deposits, bank savings or checking accounts, foreign or domestic, or interests of participation therein (including common Trust Estate funds and mutual funds associated with the Trustee), without regard to the proportion any such property may bear to the entire amount held without any obligation to diversify, to the extent consistent with the purpose of the Trust and prudent investment rules. In the event the Trust Estate is less than One Hundred Thousand Dollars ($100,000.00) for three consecutive years and there is no reasonable basis to expect that the Trust Estate shall subsequently exceed One Hundred Thousand Dollars ($100,000.00), the Trustee may limit Trust investments to certificates of deposit and bank savings and checking accounts in an FDIC insured financial institution. The Trustee may not receive compensation from internal funds. The Trustee may also use the services of affiliated brokerage services as it deems appropriate in its sole discretion in connection with the purchase or sale of account assets. Any such transactions will be deemed appropriate, even where the Trustee has an underwriter's interest or charges fees or commissions which include a profit, so long as all such transactions are on terms and under circumstances comparable to those generally available through non-affiliated brokers. The Trustee shall attempt to invest all principal sums in excess of One Thousand Dollars ($1,000.00).

7. To sell (at public or private sale, without application to any Court) any property in the Trust Estate in such manner and on such terms and conditions as it may deem best to the extent consistent with the purpose of the Trust and prudent investment rules.

8. To vote personally or by proxy any shares of stock or other voting securities at any time held hereunder, and to consent to and participate in any reorganization, consolidation, merger, liquidation, or other change in any corporation whose stocks or securities may at the time be held hereunder

9. To commingle the assets of the Trust Estate with the assets of other trusts not owned by or property of the Beneficiary in order to maximize the investment income of the Trust Estate.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

10. Except to the extent prohibited by law, to cause any securities to be registered in the names of its nominees, or to hold any securities in such condition that they will pass by delivery, including the use of custodians and other depositories.

11. To liquidate, compromise, adjust, and settle any and all claims and demands, including taxes, in favor of or against the Trust Estate, for such amounts, upon such terms, in such manner, and at such time as the Trustee shall reasonably deem advisable upon the consent of the Grantor.

12. To allocate to principal all stock dividends and cash in lieu of fractional shares paid as a result of a stock dividend received on stock.

13. To continue to make distributions of income and/or to accumulate the same hereunder until the Trustee shall have received written notice of any event which would affect such distribution and/or such accumulation of income; and the Trustee shall not be liable to any person having any interest in such continuation until the Trustee shall have received such written notice.

14. Except as otherwise specifically provided herein, the determination of all matters with respect to ascertaining what is principal and income of the Trust Estate and the apportionment or allocation of receipts and expenses between these accounts shall be governed, at the election of the Trustee, by the provisions of either the Uniform Principal and Income Act from time to time existing or the Principal and Income Act of the state in which the Trustee resides. Any such matter not provided for herein, or not provided for in the Principal and Income Act elected by the Trustee, shall be determined by the Trustee in the Trustee's sole discretion.

15. To invoke the jurisdiction of a Court of competent jurisdiction, by petition or other procedure, in order to protect the interests of the Trust Estate, to comply with or to enforce the terms of the Trust, or to resolve any dispute or question arising under the Trust in the event the parties to the dispute or question have attempted to resolve the matter informally as required by the Trust and failed. The Trustee is also authorized to take such reasonable legal action as may be necessary to reimburse the Trust Estate for an overpayment or to collect payments from other sources of payment.

16. To require proof of the status as to life, death, legal capacity, and legal authority of the Beneficiary or anyone purporting to act on behalf of the Beneficiary. Any such proof shall be on the form and at the frequency determined by the Grantor, Trustee, Administrator, or any annuity company making annuity payments to the Trust.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

# ARTICLE XI
## RESIGNATION OR REMOVAL OF THE TRUSTEE OR ADMINISTRATOR

### Section A. Right of Resignation

The Trustee shall have the right to resign at any time upon giving ninety days written notice of such resignation to the Grantor, the Beneficiary, and the Administrator. The Administrator shall have the right to resign at any time upon giving ninety days written notice of such resignation to the Grantor, the Beneficiary, and the Trustee. An entity that is acting as both the Trustee and the Administrator shall have the right to resign from either or both appointments upon giving ninety days written notice of such resignation to the Grantor and the Beneficiary.

### Section B. Removal of the Trustee or the Administrator

The Grantor shall have the right to remove a Trustee or an Administrator upon sixty days written notice to the Trustee, the Administrator, and the Beneficiary.

### Section C. Return of Unearned Fees

In the event the Trustee or an Administrator resigns or is removed from office, the resigning or removed Trustee or Administrator, prior to leaving the service of the Trust, shall return that portion of payments made to it during the Trust accounting period which represents unearned income. For purposes of the preceding sentence, "unearned income" shall mean the pro rata portion of all payments made to the resigning or removed Trustee or Administrator for which services have not been rendered. In the case of annual payments, this amount shall be determined by multiplying the annual payments by a fraction, the numerator of which is the number of whole months during that period in which services were not rendered, and the denominator of which is 12. In the case of quarterly payments, this amount shall be determined by multiplying the quarterly payment by a fraction, the numerator of which is the number of whole months during that period in which services were not rendered, and the denominator of which is 3.

### Section D. Transfer of the Trust Estate and the Trust Files

A Trustee that resigns or is removed shall transfer and deliver to its successor the then-existing entire Trust Estate in its possession, along with all Trust documents and records in its possession. Upon such transfer, the Trustee shall be discharged as Trustee of the Trust and shall have no further powers, discretion, rights, obligations, or duties with reference to the Trust Estate, and all such powers, discretion, rights, obligations, and duties of the resigning Trustee shall inure to and be binding upon such successor Trustee.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

An Administrator that resigns or is removed shall transfer and deliver to its successor the then-existing Trust documents and records in its possession.

The foregoing notwithstanding, nothing contained in this Section D shall be deemed to discharge or release any Trustee or Administrator that resigns or is removed from liability for its acts or omissions.

## ARTICLE XII
## SUCCESSOR TRUSTEE OR ADMINISTRATOR

### Section A. Appointment of Successor Trustee or Administrator

In the event the Trustee or the Administrator resigns, refuses or is unable to act, or is removed, the Grantor shall appoint in writing a successor within sixty days of receiving written notice of resignation or within sixty days of removal.

### Section B. Qualifications of a Successor Trustee

Any Trustee appointed under this Article shall be a bank or trust company with fiduciary powers regulated by either the Office of the Comptroller of the Currency or the Federal Reserve Bank or the Federal Deposit Insurance Corporation.

### Section C. Duties, Rights, Responsibilities, and Powers of Successors

A successor Trustee or Administrator shall have all the duties, rights, responsibilities, and powers provided by the Trust.

### Section D. Liability of Successors

A successor Trustee or Administrator shall not be liable or responsible in any way for the acts or omissions of any predecessor Trustee or Administrator or for any loss or expense occasioned by any act or omission of any such predecessor. The successor Trustee or Administrator shall be liable for its own acts or omissions in respect to property actually received or duties, responsibilities, and powers assumed by it as the successor. The foregoing notwithstanding, nothing contained in this Section D shall be deemed to discharge or release any predecessor Trustee or Administrator from liability for its acts or omissions.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

## ARTICLE XIII
## COMPENSATION OF THE TRUSTEE AND THE ADMINISTRATOR

The Trustee shall receive as compensation for its services such commissions and fees as are payable in accordance with its schedule of commissions and fees in effect from time to time during the period in which its services are rendered, but shall not include any fees for the types of services being rendered by the Administrator unless the Trustee has also been appointed as the Administrator, in which case the fee schedule that applies to the performance of both appointments shall apply. The Trustee's compensation may not be changed without prior written approval of the Grantor. The Administrator shall receive as compensation for its services such compensation as is payable in accordance with its schedule of fees in effect from time to time during the period in which its services are rendered unless the Administrator has also been appointed as the Trustee, in which case the fee schedule that applies to the performance of both appointments shall apply. The Administrator's compensation may not be changed without prior written approval of the Grantor.

## ARTICLE XIV
## BOND EXCUSED

The Trustee and any successor Trustee shall not be required to give bond or any other undertaking for the faithful performance of its duties hereunder, any law to the contrary notwithstanding.

## ARTICLE XV
## SPENDTHRIFT PROVISION

No title or interest in the money or other property constituting the Trust Estate, or in any income accruing therefrom or thereon, shall vest in the Beneficiary during the continuance of the Trust Estate. The Beneficiary shall have no right, power, or authority to anticipate any income of the Trust Estate, payments into the Trust Estate, or any payments from the Trust Estate; or to alienate, convey, transfer, or dispose of the same or any interest therein or any part thereof in advance of payment. None of the principal or income of the Trust Estate, payments into the Trust Estate, nor any payments from the Trust Estate shall be involuntarily alienated by the Beneficiary or be subject to attachment, execution, or levy, or taken upon any process for any debts that the Beneficiary may have contracted, or in satisfaction of any demands or obligations that the Beneficiary may have incurred.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

# ARTICLE XVI
## NOTIFICATION REQUIREMENTS

All notices, statements, statements of account, objections, filings, service of legal papers, and mailings required or permitted by the provisions of the Trust shall be in writing and shall be sent, on a timely basis, to the following addresses or, upon written notice, any subsequent change of address:

GRANTOR:
Director, Torts Branch (FTCA Staff)
Civil Division
United States Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
(202) 616-4400
(202) 616-5200 (facsimile)

TRUSTEE:
Midland Trust Company
6838 E. State Street, Suite 2
Rockford, IL 61108
Telephone: 312-858-8515
Fax: 312-724-7162

ADMINISTRATOR:
Medical Fund Advisors, Inc.
127 John Robert Thomas Drive
Exton, Pennsylvania 19341-2655
(800) 359-0048
Fax: (610) 594-1998

BENEFICIARY:
RTB
c/o RICHARD DYLAN BREAULT & MAYA BREAULT
304 Garfield Street
Somerset, Wisconsin 54025
(715) 441-8919; (715) 441-7158

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

The Trustee, the Administrator, the Grantor, and the Beneficiary shall each be responsible for providing each other with timely written notice of any change in address or phone number. The Beneficiary shall give timely written notice of a guardianship or conservatorship or change thereof. The Beneficiary's legal representative shall provide to the Administrator, the Trustee, and the Grantor (1) notice of the death of the Beneficiary within ten (10) days of the date of death and (2) a certified death certificate within sixty (60) days of the death. Notification shall be deemed given when posted by regular United States mail addressed to the last known address. Service of any legal papers shall comply with the rules of the Court in which the action or proceeding is filed and shall be made upon all parties to the Trust at the addresses provided above or any subsequent change of address that has been provided, unless a party is represented by counsel, in which case service shall be upon counsel.

## ARTICLE XVII
## FORUM FOR DISPUTES AND APPLICABLE LAW

**Section A.     Dispute Resolution and Court of Competent Jurisdiction**

If a dispute arises over the terms or administration (including investments) of the Trust, the Grantor, Trustee, Administrator, and Beneficiary shall first try to resolve the dispute informally among themselves before litigating the matter. If the dispute cannot be resolved informally, the Grantor, Trustee, Administrator, or Beneficiary may have the dispute resolved by any state Court (which shall not include Tribal Courts, small claims courts, or probate/guardianship/conservatorship courts) or federal Court of competent jurisdiction. However, such state Court or federal Court shall not have the right to alter, amend, or change the terms or conditions of the Trust. Any fees (including attorney's fees or guardian/conservator fees), expenses, or costs incurred by the Grantor or the Beneficiary in resolving any dispute arising under the Trust shall not be a proper charge against the Trust Estate; however, the Court may order payment of costs, fees, and expenses to the extent otherwise authorized by law.

**Section B.     Applicable Law**

The Trust is a federal contract and is to be construed according to federal law. To the extent not contrary to the terms and conditions of the Trust, the duties of the Administrator shall be construed according to the laws of the state in which the Administrator is domiciled and the duties and powers of the Trustee shall be construed according to the laws of the state in which the Trustee is domiciled. However, notwithstanding any state or federal law to the contrary, no Court shall have the right to alter, amend, or change the terms or conditions of the Trust.

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

## ARTICLE XVIII
## REVOCATION OR AMENDMENT

The Trust is irrevocable and the terms shall not be amended, modified, altered, or changed in any respect.

## ARTICLE XIX
## TERMINATION OF THE TRUST

### Section A.    Terminating Event

For purposes of the Trust, the "terminating event" shall be defined as the death of the Beneficiary or when the Trust Estate becomes Zero Dollars ($0.00) and there are no income or annuity payments due in the future, whichever occurs first. Upon the occurrence of either terminating event, the Trust shall be deemed terminated.

### Section B.    Payments Authorized After Terminating Event

Upon the death of the Beneficiary, the Trustee shall pay any allowable benefits authorized by the Administrator to the extent there are sufficient funds in the Trust Estate, provided that the goods or services for which payment is requested were incurred before the date of the Beneficiary's death and provided further that the request for payment was properly submitted to the Administrator for review within ninety days of the date of the death of the Beneficiary. The Administrator shall not authorize and the Trustee shall not pay any expense that was not properly submitted to the Administrator within ninety days of the date of the death of the Beneficiary. In the event any allowable benefit is payable on a monthly basis, the Trustee shall pay only the pro rata share for the month of the Beneficiary's death. The Trustee shall also pay any expenses of management and administration, including the fees of the Trustee and Administrator. In the event there are insufficient funds to pay both the expenses of management and administration and allowable benefits, the Trustee shall first pay the expenses of management and administration. The Administrator shall not authorize and the Trustee shall not pay for burial or funeral expenses.

### Section C.    Distribution of the Trust Estate

After the Trustee has paid all allowable benefits incurred before the date of the Beneficiary's death and properly submitted to the Administrator within ninety days of the date of death of the Beneficiary, along with all taxes, assessments, expenses, and charges incident to the management and administration of the Trust and the Trust Estate, the Trustee shall expeditiously liquidate and distribute the remaining Trust Estate, including any current and accumulated

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

income, to the Grantor by check made payable to the United States Treasury, re RTB and delivered to the Grantor at the address on record with the Trustee, along with a final statement of account. Upon making this final distribution and accounting to the Grantor, the Trust shall be deemed terminated and the Trustee shall immediately close the account.

## ARTICLE XX
## SIGNATURES

It is contemplated that the Trust may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this _____ day of _____, 2021.
GRANTOR: UNITED STATES OF AMERICA

By: _____
       Steve B. Chu
       Attorney for Defendant,
       United States of America

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

Executed this _____ day of _____, 2021.
TRUSTEE:

MIDLAND TRUST COMPANY
6838 E. STATE STREET, SUITE 2
ROCKFORD, IL 61108
TELEPHONE: 312-858-8515
FAX: 312-724-7162


By: _____

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021


EXHIBIT 6

Executed this _____ day of _____, 2021.
ADMINISTRATOR:

MEDICAL FUND ADVISORS, INC.
127 JOHN ROBERT THOMAS DRIVE
EXTON, PENNSYLVANIA 19341-2655
(800) 359-0048
FAX: (610) 594-1998


By: _____

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021


EXHIBIT 6

Executed this _____ day of _____, 2021.
BENEFICIARY:  R.T.B.
Date of Birth:
SSN:


By:    _____
        Maya Breault, as Parent and Next Friend of RTB


Executed this _____ day of _____, 2021.
BENEFICIARY:  R.T.B.


By:    _____
        Richard Dylan Breault, as Parent and Next Friend of RTB

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021


EXHIBIT 6

Executed this _____ day of _____, 2021.

BROWN LAW LLC

ATTORNEY(S) FOR RTB


By: _____

    ANNE E. BROWN

    Attorneys for RTB

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6

Executed this _____ day of _____, 2021.
MULLIGAN, BANHAM & FINDLEY
ATTORNEY(S) FOR RTB


By: _____
      BRIAN K. FINDLEY
      Attorneys for RTB

Irrevocable Reversionary Inter Vivos Grantor
Medical Care Trust FBO R.T.B.
October 21, 2021

EXHIBIT 6