# Legacy Enhancement Master Pooled Trust Agreement

This Master Pooled Trust Agreement ("Trust Agreement") is made on the 18th day of May, 2016 by Legacy Enhancement, a Texas domestic nonprofit corporation (as evidenced by Addendum "A" of this Trust Agreement) as Settlor and Trustee. Legacy Enhancement is an IRS tax-exempt organization (as evidenced by Addendum "B"). The Trust Agreement is intended for national use and is created pursuant to 42 U.S.C. §1396p(d)(4)(C) of the Social Security Act. The purpose of this Master Pooled Trust Agreement is to establish a pooled trust fund to benefit individuals with disabilities [as defined under 42 U.S.C. §1382c(a)(3)]. The Trust Agreement may be amended as specified in this Agreement to ensure compliance with this purpose. Each account established for the benefit of an individual with a disability shall be for the sole benefit of that individual as that term is defined under federal law and regulations.

## Article 1
## Purpose of the Trust

A.     The purpose of the Master Trust is to create a Special Needs Trust for the benefit of each beneficiary while protecting his or her eligibility for means-tested public or private benefits. Distributions shall supplement, but not supplant, whatever benefits and services a beneficiary may be or become eligible to receive from federal, state and local governments by reason of age, disability, or other factors. The Trustee (or the Trust managers and other employees working on behalf of the Trustee) may make payments from a beneficiary's sub-account directly to the beneficiary, or to a third party on behalf of the beneficiary. In determining whether a particular distribution is permissible, the Trustee shall take into account the programs in which the beneficiary is currently enrolled, and for which the beneficiary may become eligible.

B.     The Trustee, in its sole and absolute discretion, may use the principal and income of a beneficiary's sub-account to provide the beneficiary with items, benefits and services that the Trustee believes are reasonable and not otherwise available to him or her from any other source. The Trustee may take whatever actions it considers appropriate to ensure that a beneficiary's sub-account will be used in ways that will best promote the beneficiary's ability to lead a comfortable and fulfilling life. It is the interest of a beneficiary, and not that of any remainder beneficiaries, which governs the distribution decisions of the Trustee, even if distributions result in the depletion of the entire sub-account. The Trustee owes a duty of care to each beneficiary in making distributions.

## Article 2
## Joinder Agreements

Individual with disabilities who wish to join the Master Pooled Trust shall submit a "Joinder Agreement" to the Trustee. If an individual applicant does not have the legal capacity to complete the Joinder Agreement, the Agreement may be completed and signed by a parent, grandparent, guardian or a court [42 U.S.C. §1396p(d)(4)(C)(iii)]. The applicant is referred to as the Grantor. The Trustee has the sole and absolute discretion in determining whether to approve any application. If the Joinder Agreement is approved, it becomes irrevocable but subject to amendment as needed for the well-being of the beneficiary or as required under federal or state law and regulations.

## Article 3
## Trust Sub-Accounts

A. A separate account ("sub-account") shall be maintained for each beneficiary of the Trust. Sub-accounts are pooled for purposes of investment and management of funds by an entity or individual chosen by the Trustee to serve as Fund Manager. Sub-accounts must be funded by assets owned solely by the sub-account beneficiary and not by any third party, regardless of the third party's relationship to the beneficiary.

B. Additions of the beneficiary's funds may be made to his or her sub-account at any time subject to the absolute right of the Trustee to accept or refuse assets of any nature into the sub-account.

## Article 4
## Trust is Irrevocable

A. This Trust Agreement is irrevocable. An individual sub-account shall be effective and irrevocable upon the valid execution of the Joinder Agreement by a permissible Grantor, acceptance of the Joinder Agreement by the Trustee, and the funding of the sub-account. Once established, the sub-account assets shall be distributed in accordance with the terms of this Trust Agreement and the signed Joinder Agreement. The sub-account beneficiary may not be changed under any circumstance.

B. The Trustee may at any time amend this Trust Agreement by an instrument in writing signed and acknowledged by the Trustee in order to comply with changes in federal and state laws and regulations which come into effect subsequent to the signing of this Agreement, or to clarify any provision or scrivener's error. No amendment may change or affect the interests or rights of a sub-account beneficiary.

## Article 5
## Distributions

A.      Distributions from the Trust are to be made to enhance the well-being of the sub-account beneficiary and to maintain eligibility or qualify the beneficiary for programs and services which may be beneficial to him or her.  Examples of these programs and services are Supplemental Security Income (SSI), Medicaid, Veterans Benefits, the Older Americans Act, state and local means-tested programs for the purposes of determining a beneficiary's eligibility for these supports and services.

B.      The Trustee shall take into consideration information from the Joinder Agreement and/or any accompanying Letter of Intent when making decisions regarding distributions. However, it is the judgment of the Trustee and not that of any other person or entity that shall be the sole determining factor by which distributions are made.  Any income not distributed shall be added to principal.

C.      The Trustee has the sole, absolute, complete and unfettered discretion to make distributions to meet a beneficiary's needs or to enhance the quality of his or her life even if such distribution(s) result in an adverse effect on a beneficiary's eligibility or continued eligibility for any program benefits or assistance.

D.      The Trustee shall not be liable to a sub-account beneficiary for acts undertaken in good faith. The Trustee shall not be liable for failure to identify all programs or resources that may be available to a beneficiary because of a beneficiary's disability, nor shall the Trustee be liable for failing to apply for any public benefits that may be available to a beneficiary.  The responsibility of identifying and applying for benefits lays solely with the beneficiary and/or his or her legal representative.

E.      The sub-account beneficiary or his or her legal representative are responsible for reporting any change in program eligibility or services within ten (10) days of receiving notice of the change.

F.      With the approval of the Trustee, a sub-account may be transferred to another pooled trust at any time prior to the death of the sub-account beneficiary.  The approval of the Trustee shall not be unreasonably withheld.

## Article 6
## Spendthrift Provisions

A.      None of the principal or income of a beneficiary's sub-account shall be anticipated, assigned, encumbered, or subject to any creditors' claims or to any legal process.  The Trust sub-account may only be used for a beneficiary's special needs.  No part of the Trust sub-account shall be liable for nor available to a beneficiary's creditors during his or her life or after his or her death. Further, no part of a Trust sub-account shall be construed as part of a

beneficiary's estate, or be subject to the claims of a beneficiary's voluntary or involuntary creditors.

B.     No beneficiary nor any other person acting on his or her behalf shall have any right, power, or authority to liquidate, assign, revoke, or direct the use of sub-account funds; to terminate a sub-account in whole or in part; or to compel payments from the sub-account for any purpose.

C.     No part of the principal or income of a Trust sub-account shall be considered available to the beneficiary.

## Article 7
## Distributions on the Death of a Beneficiary

Upon the death of a sub-account beneficiary, the sub-account shall terminate.  At that time, the Trustee shall pay from the remaining assets of the sub-account only those expenses and costs permissible under federal law and regulations currently existing or as later amended. Permissible expenditures prior to the terms of subparagraph (d) below are:

(a)     Payment of any taxes due from the sub-account to the state or federal government because of the death of the beneficiary (unless the taxes have arisen from inclusion of the trust in the estate);

(b)     Reasonable fees for administration of the beneficiary's sub-account such as an accounting of the sub-account to a court, completion and filing of documents, or any other required actions associated with termination and wrapping up of the Trust sub-account;

(c)     Subsequent to the payments set forth in subparagraphs (a) and (b) above, remaining assets of a sub-account may be retained by the Trustee for charitable purposes;

(d)     To the extent that any amounts remaining in the beneficiary's sub-account upon the death of the beneficiary are not retained by the Trust, the Trust shall pay to the State(s) the amounts remaining up to an amount equal to the total amount of medical assistance paid on behalf of the beneficiary under State Medicaid plan(s).  Payback to any State(s) that may have provided medical assistance under the State Medicaid plan(s) is not limited to any particular period of time.

## Article 8
## Investments

A.      The Trustee may choose to contract with a Fund Manager to invest and reinvest in such stocks, bonds and other securities and properties, real, personal or mixed, and wherever situated.  Such investments may include but are not limited to stocks, unsecured obligations, undivided interests, interests in investment trusts, common trust funds, mutual funds, and annuities.  The Trustee is authorized to hold assets in cash if that position is advantageous to the beneficiary's sub-account.

B.      The Trustee shall select assets for allocation to a particular sub-account as the Trustee shall deem to be in the best interests of a beneficiary, and assets allocated to one sub-account need not be of the same character as assets allocated to another sub-account.  Without limiting the generality of the foregoing, the Trustee may allocate assets having different income tax bases in such manner, amounts, and proportions as the Trustee may deem appropriate.

C.      The Trustee may authorize the Fund Manager to employ the services of a for-profit entity to manage some of the financial activity of the sub-accounts, individually or pooled. However, the Trustee shall maintain ultimate managerial control over the Trust.  The use of for-profit entities is always subordinate to the non-profit Trustee of this Master Pooled Trust.

D.      An accounting of each sub-account shall be provided to the beneficiary or his or her legal representative not less than annually, and more often if the laws of the state in which the beneficiary resides require a more frequent accounting.  The accounting shall include a complete statement of the sub-account assets and all of the receipts, disbursements, and distributions to or from such Trust sub-account occurring during the reporting period.  The Trustee shall also furnish a financial statement concerning the Trust at least semi-annually.  The sub-account records along with all Trust records or documentation shall be available and open at all reasonable times for inspection by the beneficiary or the legal representative of the beneficiary, or any person authorized in writing signed by the beneficiary or his or her legal representative.

E.      In determining whether the existence of the Trust sub-account may render a beneficiary ineligible for Supplemental Security Income, Medicaid, or any other program of public benefits, the Trustee is granted full and complete discretion to initiate administrative or judicial proceedings, or both, for the purpose of determining eligibility.  All costs relating to such proceedings (including reasonable attorney fees) shall be a proper charge to the entire Trust estate or to the affected Trust sub-account, as may be appropriate.

F.      This Trust Agreement is subject to the Rule Against Perpetuities as stated under Texas law.

## Article 9
## Indemnification of Trustee

A.      Except for willful default of any duty hereunder or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of its duties under this Trust Agreement. The Trustee is not subject to any liability whatsoever to any person for any distributions made or not made by the Trustee or in the Trustee's discretion pursuant to Article 5.

B.      The Trustee and Directors may seek the advice and guidance of any guardian(s) of any of the beneficiaries, or others, including any federal, state or local agencies that are established to assist persons with disabilities. The Trustee may use reasonably available resources of a beneficiary's sub-account to assist the beneficiary and/or his or her legal representative in identifying or interpreting programs or resources which may be beneficial.

## Article 10
## Administrative Expenses

The Trustee has responsibility to minimize payment of administrative expenses of the Trust estate to the extent reasonably possible. General administrative expenses of the Trust, if not paid from any other sources shall be allocated equally among all of the then-funded Trust sub-accounts. Any necessary or proper expenses incurred in connection with the operation of any particular Trust sub-account, including but not limited to any attorneys' or accountant fees, investment fees, management fees, taxes, debts, or charges shall be paid by the Trustee out of that Trust sub-account. Costs and expenses of defending the Trust Agreement from any claim, demand, legal or equitable action, suit or proceeding may in the sole discretion of the Trustee either (i) be apportioned on a pro rata basis to all then-funded Trust sub-accounts, or (ii) be charged solely against the Trust sub-account of the affected beneficiary.

## Article 11
## Miscellaneous Provisions

A.      The Trustee is entitled to reasonable compensation for its services from the assets of the Trust in accord with a schedule of fees and charges attached to the Joinder Agreement. Such fees may include, but are not limited to, payments for advisory or management services, and administrative and sub-accounting services rendered by the Trustee or its agents or rendered to the Trustee by others on behalf of the Trust and its beneficiaries. The Trustee shall be entitled to reimbursement for any reasonable expenses incurred on behalf of all of the Trust beneficiaries, or on behalf of particular sub-account(s).

B.     This Trust shall initially be funded with the sum of One Hundred Dollars ($100.00) to be given to the Trustee by the Settlor at the time this Trust Agreement is signed.

C.     Except as provided otherwise by law or court order, the Trustee may serve without bond and the Trust Agreement shall be administered free from the active supervision of any court.

D.     The situs of this Trust is Texas.  The Trust Agreement shall be interpreted in accordance with the laws of the United States and the State of Texas.  Nonetheless, each trust subaccount shall also be governed by the particular state Medicaid statutes, administrative codes, rules and regulations of the State where the Beneficiary resides.  Upon notice from the beneficiary or his or her legal representative of a permanent change of domicile, the Trustee shall modify the administration of the Trust sub-account accordingly as may be necessary to comply with such governing Medicaid rules.  Any particular language required to be included in the Trust sub-account shall be automatically incorporated herein with no requirement for the Trustee to take any formal or informal action unless otherwise required by the domiciliary state statutes, rules and/or regulations.  To the extent that any federal or state Medicaid agency requires some particular language to be included in the Trust sub-account agreement, the Trustee is authorized to and shall execute a reformation or confirming amendment demonstrating that such language has been incorporated into the beneficiary's Joinder Agreement at the time of execution and that such language controls.  When required under state law, the beneficiary shall seek a court order directing and authorizing the reformation or confirming amendment.

Executed this **18** day of May, 2016.

**Legacy Enhancement**

By:  Christian Bruns, President


**STATE OF TEXAS**                    §
                                      §
**COUNTY OF HARRIS**                  §

Before me appeared Christian Bruns, who is personally known to me or who provided **Drivers License** as identification; who acknowledged that he is President of Legacy Enhancement and as such is authorized to execute this instrument.

Signed in my presence on May **18**, 2016.


Notary Public, State of Texas
Commission Number: **128139183**

CRISTOPHER RODRIGUEZ
Notary Public, State of Texas
Comm. Expires 05-01-2018
Notary ID 128139183

# Legacy Enhancement Master Pooled TRUST
## JOINDER AGREEMENT

*This is a legal document. You are advised to seek independent, professional advice before signing this document.*

## ARTICLE 1
### Terms and Conditions

_____, the undersigned Grantor ("Grantor"), enters into this Joinder Agreement with the Legacy Enhancement Master Pooled Trust ("Trust") whose mailing address is 2020 Beaver Ave, Suite 206, Monaca, PA 15061. This Trust is a first party trust governed by the provisions of 42 U.S.C. §1396p(d)(4)(C). The Legacy Enhancement Pooled Trust, Inc. is a not-for-profit corporation approved by the State of Texas and the Internal Revenue Service. The Trust is incorporated herein by reference. The parties enter into this Joinder Agreement in consideration of the mutual covenants and promises included in the Trust and the Joinder Agreement.

This Joinder Agreement is entered into for the purpose of establishing a sub-trust account for the sole benefit of _____ ("Beneficiary"), an individual who has been determined to be disabled by the Social Security Administration in accordance with the requirements set forth in 42 U.S.C. §1382c(a)(3). In the event that the Grantor is not the Beneficiary, the Grantor declares that he or she has legal authority to transfer the Beneficiary's funds for the purpose of funding the sub-account.

Once agreed to by the parties as evidenced by the signing of this Joinder Agreement, the sub-account is irrevocable but is subject to amendment in accordance with the terms of the Trust. Notwithstanding anything to the contrary written in this Joinder Agreement, all terms and conditions of the Trust and any future amendments to the Trust shall apply to the administration of the Beneficiary's sub-account.

## ARTICLE 2
### Distributions from Trust Sub-Account During Life of Beneficiary

The sub-account may only be funded with cash assets and assignable income of the Beneficiary, and the Grantor shall have no further interest in and relinquishes and releases all rights of control over and all incidents of ownership in the contributed assets and any income generated by the contributed assets. The Trust does not accept non-cash assets or real property.

It is the duty of the Trustee to make distributions for the sole benefit of each beneficiary. Sole benefit is a legal term defined by the Social Security Administration and the Trustee shall ensure that all distributions are in keeping with applicable laws and regulations defining the sole benefit provisions.

Distributions from the Beneficiary's sub-account may be made during the life of the Beneficiary in accordance with the Trust provisions, and also as follows:

(a) <u>Funding</u>. Once funded, the Trustee may accept future contributions which are owned by the Beneficiary. The Trustee may not accept additional funds payable to the sub-account after the Grantor reaches the age of 65 unless the Social Security Administration or state law permits such funding without creating a transfer of asset penalty imposed by a government agency which results in a loss of benefits for the Beneficiary.

(b) <u>Pooled Investments</u>. The sub-account shall be pooled for investment and management purposes.

(c) <u>Sole Benefit</u>. While the Beneficiary is living, the sub-account will be administered solely for the benefit of the Beneficiary.

(d) <u>Care Plan</u>. The Grantor shall provide the Trustee with a personalized care plan for the Beneficiary. When reviewing a distribution request from the Beneficiary's sub-account, the Trustee will consider the care plan and any letter of intent accompanying this Joinder Agreement.

(e) <u>Distributions during Lifetime of Beneficiary</u>. Any nonsupport items that are needed for maintaining the Beneficiary's health, safety, and welfare may be provided to or for the Beneficiary when, in the sole and absolute judgment of the Trustee, such needs are not being met by government assistance or from other resources available to the Beneficiary.

(f) <u>Disbursements Prior to Request</u>. Disbursements for expenses incurred prior to 90 days of a submission of a disbursement request form shall not be paid.

(g) <u>Trustee's Sole & Absolute Discretion</u>. The Grantor recognizes that all distributions from a sub-account are at the Trustee's sole and absolute discretion and that he or she has no right to compel any distribution from the Trustee.

(h) <u>Government Assistance Notice</u>.

  (1) The Beneficiary, or the Beneficiary's legal representative, agrees to notify the Trustee whenever the Beneficiary:

    (i) Applies for government assistance;

(ii)   Has an application for government assistance approved;

(iii)  Has an application for government assistance denied; or

(iv)  Has government assistance terminated.

(2) Notice under this Agreement must be made in writing, to the Trustee via U.S. Mail to such address as the Trustee may designate; by facsimile; or via email. The Beneficiary, or the Beneficiary's legal representative, must supply supporting documentation of the changes within ten (10) days of the event requiring notice.

(3) The Trustee shall not be held liable for making disbursements which result in a reduction of government assistance, a termination of government assistance, or ineligibility for government assistance when the Trustee did not have actual notice of such government assistance, or other circumstances giving rise to such termination, reduction, or ineligibility, at the time such disbursements were requested or made. If a Beneficiary or Beneficiary's representative waives such liability in a signed writing as a condition to receiving a disqualifying distribution, the Trustee shall likewise not be held liable for the results of the distribution.

(i)   <u>Hiring of Consultants</u>.  Under the provisions of Article 10 of the Trust Agreement, payments may be made to attorneys or professionals deemed necessary by the Trustee to assist in the administration of the Trust Agreement and sub-trust accounts. The Grantor recognizes that if incurred, such expenses shall be considered to be a proper expense of the Trust and may be apportioned on a pro rata basis to all Trust sub-accounts or charged only against the sub-account about which the Trustee seeks such advice or assistance.

**ARTICLE 3**
**Application for Public Benefits**

The Trustee shall not be responsible for applying for public benefits on behalf of the beneficiary.

**ARTICLE 4**
**Distributions upon the Beneficiary's Death**

Any assets that remain in the Beneficiary's sub-account at the Beneficiary's death shall be retained by the Trust or otherwise administered as set forth in the Trust Agreement and/or as directed in this Joinder Agreement.

## ARTICLE 5
### Trustee Compensation

The Trustee shall be entitled to compensation for its services according to its published fee schedule in effect at the time services are rendered by the Trustee. Fees and compensation paid to the Trustees are not refundable and are earned when paid. Fees which are not paid in advance may be a charge to the Beneficiary's sub-account.

## ARTICLE 6
### Miscellaneous Provisions

(a) <u>Indemnification</u>. The Grantor agrees to indemnify and hold harmless the Trustee, its agents and employees, for actions taken on behalf of the Beneficiary so long as the Trustee acted reasonably and in good faith. Grantor recognizes and acknowledges that the ongoing and changing nature of laws, regulations, policies and procedures relating to government assistance programs cannot be predicted.

(b) <u>Tax Treatment</u>. The Grantor acknowledges that the Trustee has made no representations to the Grantor regarding the tax implications of the funding of the Trust or later tax consequences. The Trustee recommends that the Grantor consult with a tax professional before entering into this agreement. The Trust sub-account income, whether paid in cash or distributed in other property, may be taxable to the Beneficiary subject to applicable exemptions and deductions. The Beneficiary (or his or her legal representative) is encouraged to obtain advice from a qualified tax professional. Annual tax returns, if required, will be prepared by a certified public accountant. Preparation fee and any related tax liability will be billed to the trust.

(c) <u>Governing Law</u>. This Agreement is created in and shall be construed under the laws of the state of Texas.

(d) <u>Change of Circumstances</u>. The Grantor must provide complete and accurate information regarding the Grantor and the Beneficiary at all times, including but not limited to any change in circumstances that might affect the Beneficiary, the Trust, this Joinder Agreement and/or the duties of the Trustee as those duties pertain to the Beneficiary. It is the responsibility of the Beneficiary or his or her legal representative to report changes (in benefits, contact information, and the death of a Beneficiary) to the Grantor and to any government program as required by law. Grantor acknowledges that the Trustee will administer the Trust for the Beneficiary based on information that the Grantor provides.

(e)     Agreement Constitutes Entire Understanding Between Parties.  This Agreement, together with attached Exhibits and any Addendums to this Agreement constitute the entire agreement between the parties.

(f)     Potential Conflict of Interest.  Grantor acknowledges that there may be a potential conflict of interest in the administration of the Trust upon the death of the Beneficiary.  The Legacy Enhancement Master Pooled Trust may have an interest in retaining funds in the sub-account for the benefit of other beneficiaries and in the administration of the Master Trust.

(g)     Opportunity to Seek Legal Counsel.  The Grantor hereby acknowledges that the Grantor has reviewed this Agreement and fully understands its terms; has been advised to, and has been given the opportunity to, seek the advice of independent legal counsel concerning this Agreement; agrees to be bound by the terms of this Agreement; and is not executing this Agreement because of any promises, covenants or representations other than those contained in this Agreement and the Trust.

(h)     Severability.  The invalidity or unenforceability of any provision of this Agreement, in any jurisdiction shall in no way impair, affect or prejudice the validity or enforceability of the remainder of this Agreement in that jurisdiction.

(i)     Headings.  The headings, titles, and subtitles within this Joinder Agreement are for reference purposes and not intended to guide any construction of this document.

(j)     Account Closure.  In the event that a Beneficiary has a zero ($0) account balance for ninety (90) or more consecutive days, the Trustee, in its sole discretion, retains the right to close the Beneficiary's sub-account.  The Trustee may continue to charge administrative fees for the management of the sub-account prior to its closure. In the event that a Beneficiary wishes to re-open a sub-account, the Beneficiary may be required to pay any outstanding administrative fees. Additionally, the Beneficiary may, in the Trustee's sole and absolute discretion, be required to pay a new enrollment fee when re-opening the sub-account.

The Grantor acknowledges that he or she has been provided with a copy of the Master Trust Agreement, and that he or she is entering into this agreement voluntary and without coercion.

IN WITNESS WHEREOF, the undersigned Grantor has signed this Agreement on this ____ day of _____, ____, and the Trustee has accepted and signed this Agreement on this _____ day of _____, ____.

## GRANTOR'S SIGNATURE

_____
Grantor Signature

_____
Grantor Print Name

Address:_____

By:_____
Print Name: Christian Bruns,  Legacy Enhancement Trust

**Address:**
Legacy Enhancement
2020 Beaver Ave, Suite 206
Monaca, PA  15061

**Exhibit "A"**
**DECLARATION OF TRUST**

# Exhibit "B"
## JOINDER AGREEMENT:
## GRANTOR AND BENEFICIARY INFORMATION

Name of Grantor: □ Mr. / □ Ms. _____

Home Address: _____

City: _____ State: _____ Zip: _____

Contact Phone Number: _____

Email Address: _____

Social Security #: _____

Date of Birth: _____

If the Grantor is not also the Beneficiary, please identify the legal relationship of the Grantor to the Beneficiary: *(e.g. parent, spouse, guardian, attorney-in-fact under a Durable Power of Attorney)* _____

### Beneficiary Information
*(please complete only if the Beneficiary is not also the Grantor)*

Beneficiary Name: □ Mr. / □ Ms. _____
Present Address: _____
    □ Own
    □ Rent
    □ Lives with family, no rent
City: _____ State: _____ Zip: _____

Contact Phone Number: _____

Social Security #: _____

Date of Birth: _____

Place of Birth: _____

Medicaid Number (if any): _____

Medicare Number (if any): _____

Name of Primary Care Physician: _____

Name(s) and specialty areas of other physicians who are seen on a regular basis:

_____

If the Beneficiary is a Minor, please provide:

Mother's Name: _____ SS#_____

Address: _____

Father's Name: _____ SS#_____

Address: _____

If the Beneficiary has a legal representative (such as a legal guardian, conservator, representative payee, power of attorney or other agent) please provide the following information (*if contact information has already been provided above, please indicate and it's not necessary to duplicate that information*)

Name of Legal Representative: □ Mr. /□ Ms. _____

City: _____ State: _____ Zip: _____

Contact Phone Number: _____

Email Address: _____

Relationship: _____

If guardian (or co-guardians), date of court appointment: _____

*Mark all that are applicable\**:
  □ Guardian of the estate/Conservator
  □ Guardian of the person
  □ Plenary Guardian

*\*Please attach the court orders naming the guardian(s) and his or her authority*

What is/are the Beneficiary's disabilities and level of functioning?

_____

If known, what is the Beneficiary's Prognosis?

_____

Does the Beneficiary drive? □ YES

□ NO

If so, please provide name of insurance company: _____

Policy number: _____

Is the Beneficiary married?            □ YES
                                         □ NO

If yes, please provide the spouse's name: _____

Does the Beneficiary have minor children?    □ YES
                                         □ NO

If yes, please provide their names and dates of birth:

_____

_____

Does the Beneficiary have adult children?    □ YES
                                         □ NO
If yes, please provide their names and dates of birth:

_____

_____

Does the Beneficiary have any children with disabilities?   □ YES
                                                    □ NO

If so, what is the name and age of the child and the nature of the disability?

_____

_____

Does the Beneficiary pay child support?     □ YES
                                         □ NO
                                         *If so, please attach a copy of the court order.*

Does the Beneficiary currently pay alimony?    □ YES
                                         □ NO
                                         *If so, please attach a copy of the court order.*

Does the beneficiary have a Will?          □ YES.  Date of will:_____
                                         □ NO

Has the beneficiary signed a Durable Power of Attorney which names an agent to handle his or her business matters and finances in the event of incapacity?
         □ YES
         □ NO

If so, what is the name of Agent (and alternate agent, if any):

_____

Does the beneficiary have a Medical Power of Attorney (a/k/a Health Care Directive)? □ YES
□ NO

If so, who is named as the medical decision maker in the event of incapacity?

_____

Has the beneficiary completed a Supported Decision Making document?   □ YES
□ NO

If so, name of decision maker: _____

Does the beneficiary have an ABLE account?      □ YES
□ NO

If so, please provide details regarding the State in which the account is supervised, the Current balance and financial institution(s) in which the funds are held.

_____

_____

According to Article 7 of the Master Pooled Trust Agreement, upon the death of the beneficiary, funds remaining in the sub-account may be retained by the Master Pooled Trust for charitable purposes, or used to repay the State Medicaid agency(ies) in any state in which the beneficiary has received Medicaid benefits, up to an amount equal to the total amount of medical assistance paid on behalf of the beneficiary under the State Medicaid plan.

Shall the remaining balance of the trust be retained for charitable purposes?      □ YES
□ NO

If no, and if there are funds remaining in the sub-account after the Medicaid repayment, the beneficiary directs that any remaining funds shall be paid to:

Name:                    Address:                    Percentage of funds:

_____

_____

_____
*In the event that the beneficiary has signed a Last Will and Testament, any remaining funds shall be distributed in accordance with the terms of the Last Will and Testament.*

## Government Assistance

*Please indicate all forms of government assistance that the Beneficiary **receives or is applying for** and the amounts received per month (if applicable). You must attach a copy of the award notice from Social Security or the State Medicaid agency so that distributions can be made without jeopardizing benefits.*

Social Security Disability Insurance (SSDI): □ YES □ NO Amount: $_____

Disabled Adult Child (DAC) or
Childhood Disability Benefits (CDB): □ YES □ NO Amount: $_____

*Note: DAC and CDB benefits are paid if a parent is disabled, retired or has died, the beneficiary's disability began prior to age 22, and the Beneficiary does not have sufficient work history to collect SSDI on his or her own earnings.*

Supplemental Security Income (SSI): □ YES □ NO Amount: $_____

Social Security Retirement: □ YES □ NO Amount: $_____

## Medicaid Programs
*Medicaid programs have different names in different states
Identify the program(s) as best you can.*

| | | | |
|---|---|---|---|
| Institutional Care Program (ICP) or Statewide Medicaid Managed Care Program for Long Term Care (SMMC-LTC) (Nursing Home and LTC): | □ YES | □ NO | □ APPLYING |
| Home or Community Based Medicaid Programs: | □ YES | □ NO | □ APPLYING |
| PACE: | □ YES | □ NO | □ APPLYING |
| Medically Needy Program: | □ YES | □ NO | □ APPLYING |
| Statewide Medicaid Managed Care Managed Medical Assistance (SMMC-MMA): | □ YES | □ NO | □ APPLYING |
| Optional State Supplementation (OSS): | □ YES | □ NO | □ APPLYING |
| Home Care for the Elderly & Disabled (HCE/DA): | □ YES | □ NO | □ APPLYING |
| Food Stamps (SNAP): | □ YES | □ NO | □ APPLYING |
| Child Health Insurance Program (CHIP): | □ YES | □ NO | □ APPLYING |
| State Agency for Persons with Disabilities | □ YES | □ NO | □ APPLYING |
| Veteran's Benefits: | □ YES | □ NO | □ APPLYING |

Low Income Housing:      □ YES      □ NO      □ APPLYING

Qualified Medicare Beneficiaries (QMB),
Special Low-Income Medicare Beneficiaries
(SLMB) or Qualifying Individuals 1 (QI1)      □ YES      □ NO      □ APPLYING

List any other government assistance that the Beneficiary receives or for which an application has been made:

_____

_____

List all forms of government assistance (including Medicaid or other assistance programs in any state) which have been denied or discontinued to the Beneficiary, including the approximate dates and reason (if known):

_____

**Insurance Information**

If the Beneficiary is covered under any policy of health care insurance other than Medicaid, please provide the following:

Insuring Company:     _____

Policy Number:     _____

Is this coverage through an employed parent which will continue until the Beneficiary reaches the age of 26?     □ YES      □ NO

If the Beneficiary is covered under any prepaid funeral or burial policy or insurance, please provide the following:

Company:     _____

Address:     _____

Policy Number:     _____

**Your Attorney**

Name:     □ Mr. / □ Ms. _____

Address:     _____

    _____

Phone Number:     _____ Email : _____

## Exhibit "C"
## DESIRES OF GRANTOR FOR TYPES OF DISTRIBUTIONS
## FROM THE TRUST SUB-ACCOUNT

---

Please be as thorough as possible when completing this section.
This information is very important when authorizing requests for distributions.

---

A)      How would you like to see money in the Beneficiary's sub-account used to improve the Beneficiary's quality of life?  What type of entertainment and activities does the Beneficiary enjoy?
*Please note that you will NOT be limited to only those items or services listed here.*

☐  Education

☐  Transportation

☐  Clothing

☐  Eye or Dental Care

☐  Technology

☐  Other: _____

B)   Please provide the names and addresses of anyone who can be consulted when reviewing the Beneficiary's supplemental needs and/or updating a care plan when the review and update would be helpful in making determinations regarding distributions from the sub-account.  Examples might include family members, guardians, friends, a care manager, or a care management company.  *Please indicate whether you would like for each person to be able to request distributions.  Note: having too many people permitted to request distributions can cause communication problems and may delay distribution.*

Name: _____

Address: _____

_____

Telephone: _____

Relationship: _____

Able to request distributions:        ☐ YES        ☐ NO

**Grantor may add or remove the above-named individuals at any time by
written notice to Legacy Enhancement at address or email account provided.**

# Exhibit "D"
## Proof of Grantor's Status to Establish
## Trust on Behalf of Beneficiary

Under current law, only the Beneficiary, or the Beneficiary's agent under a power of attorney, parents, grandparents, legal guardian, or a court may establish the Trust on behalf of the Beneficiary. If you are anyone other than the Beneficiary, then please include documents that verify that you fall within one of these permissible categories.

### ALL GRANTORS MUST PROVIDE A PHOTOCOPY OF THEIR DRIVER'S LICENSE OR OTHER PHOTO IDENTIFICATION

In addition to the Grantor's photo I.D., the list below illustrates the types of documents that must be submitted to establish the Grantor's relationship to the Beneficiary or the status to contribute to the Trust.

| | |
|---|---|
| 1. Beneficiary as the Grantor. | Photo I.D. |
| 2. Parent(s) as Grantors. | Include a copy of your son or daughter's birth certificate. |
| 3. Grandparent(s) as Grantors. | Include a copy of your son or daughter's birth certificate and a copy of your grandchild's birth certificate. |
| 4. Legal Guardian as Grantor. | Include a copy of your Letters of Guardianship and a copy of the Court Order authorizing you to sign the Joinder Agreement. |
| 5. Court as Grantor. | Include a copy of the Court Order requiring (not authorizing) the establishment of the Trust account. |
| 6. Power of Attorney | If the Grantor has a Power of Attorney for the Beneficiary please provide a copy of the Power of Attorney. |

The documents listed above are examples only. Any document that clearly establishes the Grantor's relationship to the Beneficiary, and the status to establish the Trust on behalf of the Beneficiary, will be sufficient.

# Exhibit "E"
## TRUST FEES AND PROCEDURES

1. <u>Enrollment Fee</u>. There is a one-time $1,000 enrollment fee for sub-accounts with an initial balance of $10,000 or more; a $1,500 enrollment fee for sub-accounts with an initial balance of $20,000 or more. Enrollment fees will be deducted from the initial deposit.

2. <u>Administrative Fee</u>. The account will be charged an annual administrative fee, of 1.95%, payable in advance.

3. <u>Final Distribution</u>. To the extent that any surplus sub-account property is not retained by the Trust, such property must be distributed to each and every State in which the Beneficiary received government assistance in the form of Medicaid, to the extent of the total medical assistance paid by all of the States on the Beneficiary's behalf during the Beneficiary's lifetime. In the event that the beneficiary received Medicaid benefits in more than one state and there are not sufficient funds to payback each state, the distribution to the States will be made on a pro rata basis. Any costs associated with the process will be billed to the Beneficiary's Trust sub-account.

4. <u>Completing the Application Process</u>. Mail the completed Joinder Agreement along with any checks to deposit into the Beneficiary's account to:

Legacy Enhancement Pooled Trust
2020 Beaver Ave
Suite 206
Monaca, PA 15061

# Exhibit "F"
# ATTACHMENTS

**If applicable, attached are copies of the Beneficiary's:**

☐ Benefit Eligibility Letters (federal and state)

☐ Benefit Eligibility Card

☐ State Driver's License/ID Card

☐ Birth Certificate and/or Passport

☐ Letters of Guardianship and Court Order authorizing you to sign Joinder Agreement

☐ Court Order requiring the establishment of the Trust account.

☐ Power of Attorney for the Beneficiary (if Grantor has a Power of Attorney)

☐ Medical Power of Attorney/Health Care Directive/Living Will

☐ Other: